[Civ. No. 37960. Second Dist., Div. Four. Apr. 22, 1971.]

JERRY ALLEN ARNOLD, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Robert G. Eckhoff, Public Defender, and Lloyd R. Nocker, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

David D. Minier, District Attorney, and Zel Canter, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**KINGSLEY, J.**—On January 18, 1968, petitioner was charged by complaint in municipal court with robbery and with assault with a deadly weapon, in violation of sections 211 and 245 of the Penal Code. A warrant for his arrest duly issued but was never served, although he was in the county jail and in courts in Santa Barbara County during a large part of the year 1968. On December 9, 1968, he was arrested on a charge of murder, in violation of section 187 of the Penal Code. Thereafter, he was arraigned in municipal court, on January 9, 1969, on the robbery-assault complaint. That case proceeded through preliminary hearing and setting for trial, until, on March 11, 1969, it was continued on motion of the People because defendant had, in the interim, been tried and convicted on the murder charge.

While petitioner was in state prison on the murder conviction, and while his appeal from that judgment was pending, he demanded, pursuant to section 1381 of the Penal Code, that he be brought to trial on the robbery-assault case. That demand was honored and a trial took place, resulting, on October 29, 1969, in a hung jury. On November 4, 1969, when the case was called for a resetting, the People moved to dismiss and counsel for defendant stated that defendant would not oppose the motion. The record of those proceedings reads as follows:

"Mr. Cappello [Deputy District Attorney]: . . . In light of the fact that Mr. Arnold is serving a life sentence for first degree murder, the District Attorney's Office will move to dismiss the case on the ground that we

feel that presently, as our case presently stands, we don't have enough witnesses to convict Mr. Arnold of the robbery charge.

"Mr. Merenbach [Defense Counsel]: We will not oppose the dismissal.

"The Court: On motion of the District Attorney and in the interest of justice for the reasons stated, the charges in the information are dismissed."

Thereafter, petitioner's conviction on the murder charge was reversed by the Court of Appeal; he was returned to the superior court and retried. The retrial resulted in an acquittal on November 6, 1970. On that same date, the People refiled the 1968 robbery-assault case. After sundry continuances, petitioner moved to dismiss the refiled case on the ground that he had been denied a speedy trial; that motion was denied and he now seeks a writ of prohibition in this court to prevent the retrial. We issued an order to show cause; the case has been briefed and argued; we deny the writ.

## I

■ As the People point out, petitioner cannot now object, in this proceeding, to the delay in bringing the original robbery-assault case to trial, both because he did not object to the delay therein involved when that case was called in 1969 (*People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal. Rptr. 44, 383 P.2d 452]), and because that case is no longer before any court. ■ Nor can he object to the relatively brief delay between November 6, 1970, and the final disposition of his motion to dismiss on January 27, 1971. That delay was occasioned by the fact that petitioner had elected to test the validity of the new charge by a habeas corpus proceeding in the superior court. That proceeding was pending and undecided until December 14, 1970; its pendency clearly constituted a "good cause" for the continuance of the criminal case.

## II

The real issue is whether the People, having once voluntarily dismissed the robbery-assault case under the circumstances herein involved, were, by refiling those charges, guilty of such harassment of defendant as to constitute a violation of any constitutional right. ■ In *People* v. *Archerd* (1970) 3 Cal.3d 615 [91 Cal.Rptr. 397, 477 P.2d 421], the Supreme Court held that "pre-indictment" delay does not violate the constitutional right to a speedy trial unless the defendant can show actual prejudice by the delay; the petition here contains no facts from which such prejudice can be deduced. Unlike *Jones* v. *Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10], where the delays had, as the Supreme Court ruled, hampered defendant in marshalling evidence, the delay in the case

at bench has—in that regard—probably benefited defendant because the principal witness against him has died in the interim.

At oral argument, counsel suggested that there was prejudice in that, had defendant been retried immediately, any sentence on the robbery count would have run concurrently with the then effective life sentence in the murder case. But, if defendant was concerned over that factor he could, and should, have raised the matter at the November 4th hearing. Having gambled on the possibility of never being retried, he cannot urge the lack of concurrent sentences in this proceeding.[1]

In *People* v. *Dontanville* (1970) 10 Cal.App.3d 783 [89 Cal.Rptr. 172], a situation existed which is analogous to that in the case at bench. There the defendant had been charged with murder; during the trial of that case facts were discovered showing that he had committed an unrelated violation of section 288 of the Penal Code. No complaint charging that offense was filed until after the murder case had, on a second trial, resulted in an acquittal. In affirming a conviction for the 288 violation, based on a complaint thus filed, the court said (at pp. 789-790): "Here there were obvious and legitimate reasons for the delay. Had defendant been convicted of the murder charges and been sentenced to death or even to imprisonment for life, the present prosecution might have been regarded as futile since it could result in no greater punishment (Pen. Code, § 669) and might never have been instituted, . . . ." That language is equally applicable here.[2]

The order to show cause is discharged; the petition is denied.

Files, P. J., and Dunn, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 17, 1971.

---

[1] We express no opinion on the possibility that, if defendant is hereafter convicted and sentenced on the robbery-assault charges, the Adult Authority would be under a duty to give him time-credit for all or part of the one-year delay.

[2] We recognize that, in *Dontanville*, there existed, also, a possible prejudice to the murder case because of the nature of the other charge; the record before us does not indicate whether or not that factor was present here.