[No. B153471. Second Dist., Div. Six. Dec. 20, 2001.]

In re RUBEN ONESIMO SENA on Habeas Corpus.

---

**COUNSEL**

Ruben Onesimo Sena, in pro. per., for Petitioner.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Paul D. Gifford, Assistant Attorney General, Susan Duncan Lee and Julie L. Garland, Deputy Attorneys General, for Respondent.

---

**OPINION**

**YEGAN, J.**—Caught in a dispute reminiscent of a tennis match between the Los Angeles and San Luis Obispo Superior Courts, petitioner meritoriously contends that his petition for writ of habeas corpus should be adjudicated in Los Angeles. Game, set, and match; not to San Luis Obispo, but to petitioner and all inmates similarly situated who are entitled to timely decisions on petitions for writs of habeas corpus.

Petitioner is serving a 15-year-to-life sentence imposed by the superior court in the County of Los Angeles for a second degree murder committed there. He is incarcerated in San Luis Obispo County. The Board of Prison Terms denied parole. Petitioner filed a petition for writ of habeas corpus in the Los Angeles Superior Court challenging the parole decision. The Los Angeles Superior Court transferred the petition to the County of San Luis Obispo. The Superior Court of San Luis Obispo transferred the matter back to Los Angeles. Los Angeles again transferred the matter back to San Luis Obispo.

■■■ Petitioner adequately demonstrates that similar petitions for writs of habeas corpus are being transferred to counties where the inmate is confined upon parole denial. We issued an order to show cause to (1) stop this tennis match as well as others and (2) settle the law on habeas corpus venue.

The general rules concerning where a petition for writ of habeas corpus should be adjudicated are laid out in *Griggs v. Superior Court* (1976) 16 Cal.3d 341, 347 [128 Cal.Rptr. 223, 546 P.2d 727], as follows: "Although any superior court has jurisdiction to entertain and adjudicate a petition for the writ of habeas corpus, it does not follow that it should do so in all instances. As a general rule the court wherein the petition is presented must, if the petitioner has otherwise complied with pertinent rules, file the petition and determine whether it states a prima facie case for relief. If it does not, the petition should be denied. (*In re Swain* (1949) 34 Cal.2d 300 [209 P.2d 793].) If the petition states a prima facie case for relief, then the court must determine whether it will hear the matter on the merits. If the challenge is to a particular judgment or sentence, the petition should be transferred to the court which rendered judgment if that court is a different court from the court wherein the petition was filed, in accordance with directions contained in our earlier decisions heretofore noted. If the challenge is to conditions of the inmate's confinement, then the petition should be transferred to the superior court of the county wherein the inmate is confined if that court is a different court from the court wherein the petition was filed [Fn. omitted.]."

The Los Angeles Superior Court relies upon two nonpublished orders of Divisions One and Two of the Second Appellate District which state challenges to parole denial in habeas corpus petitions are to be heard in the county where the inmate is incarcerated. These two orders cite *Griggs v. Superior Court, supra*, 16 Cal.3d 341, and *In re Lumbert* (1980) 113 Cal.App.3d. 310 [169 Cal.Rptr. 927]. One of the orders, *In re Willard* (July 26, 2001, B151797) states: "In the future, any petitions for a writ of habeas corpus challenging a decision of the Board of Prison Terms to deny parole should be filed in the superior court of the county where petitioner is

incarcerated or in the appellate district for the county in which petitioner is incarcerated." The nonpublished orders are not binding precedents and the Los Angeles Superior Court should not have "relied" upon them. (Cal. Rules of Court, rule 977(a).)

We disagree with *In re Lumbert, supra,* 113 Cal.App.3d 310 insofar as it stands for the proposition that a petition for writ of habeas corpus which challenges "incarceration" should be heard in the county where the inmate is incarcerated. (*Id.,* at p. 311.) The terse one-page opinion in *Lumbert* exudes judicial exasperation with an inmate who was abusing the "Great Writ." Lumbert's sole claim was that he was not guilty. He was not contesting an adverse parole decision. The indication that challenges to "incarceration" should be heard in the superior court or the appellate district in which the inmate is confined, is dicta, overbroad, and finds no support in California published case law. ██ ██ We decline to follow this ipse dixit statement.[1] To the extent *Lumbert* indicates that habeas corpus petitions attacking "conditions of confinement" should be heard in the county or appellate district where the inmate is incarcerated, we are in agreement.

 In our view, a fair reading of *Griggs* compels the conclusion that a denial of parole by the Board of Prison terms is not a challenge to "conditions of confinement." (*Griggs v. Superior Court, supra,* 16 Cal.3d at p. 347; see also *In re Oluwa* (1989) 207 Cal.App.3d 439, 443-444 [255 Cal.Rptr. 35] [custody credits not related to conditions of confinement]; *In re Van Heflin* (1976) 58 Cal.App.3d 131, 134-135 [128 Cal.Rptr. 257] [habeas corpus venue appropriate in the superior court and appellate district where sentence was imposed to strike reference to a prior conviction in an abstract of judgment].) Evidence concerning conditions of confinement are, generally speaking, not germane at a parole hearing.

A parole decision flows from and relates to the sentence initially imposed. For this reason, the federal circuit court has said that ". . . parole eligibility is considered an integral part of any sentence [citation]." (*Shepard v. Taylor* (2d Cir. 1977) 556 F.2d 648, 654; *U.S. v. Paskow* (9th Cir. 1993) 11 F.3d 873, 879.) A petition for a writ of habeas corpus attacking parole denial is a challenge to the length of sentence, i.e., the sentence itself. It should be heard in the court which "rendered judgment." (*Griggs v. Superior Court, supra,* 16 Cal.3d at p. 347.) Of course, if it subsequently appears that there is

---

[1]Ipse dixit is defined as follows: "He himself said it; a bare assertion resting on the authority of an inidividual." (Black's Law Dict. (5th ed. 1979) p. 743, col. 2.)

need for live witness testimony and that witnesses are in the another county, a transfer order can then be made.[2]

Separate and apart from the foregoing analysis, the Los Angeles Superior Court twice erred by its transfers to San Luis Obispo. As indicated by *Griggs* unless there are "substantial reasons" for transfer, the superior court which first receives the petition should entertain it. (*Griggs v. Superior Court, supra,* 16 Cal.3d at p. 347.) Our reading of the 38-page petition, filed in the Los Angeles Superior Court on May 25, 2001, discloses no reason, let alone a "substantial" reason, for transfer to the San Luis Obispo Superior Court. The thrust of the petition is that (1) petitioner has served over 20 years in prison for a second degree murder, (2) this is long enough, (3) he is rehabilitated and (4) the parole board's denial of parole was erroneous.

We conclude with these general observations: (1) A petition for writ of habeas corpus is a proper remedy to test the propriety of parole denial by the Board of Prison Terms. (*In re Streeter* (1967) 66 Cal.2d 47, 49 [56 Cal.Rptr. 824, 423 P.2d 976].) (2) Such a petition is time-sensitive and should be ruled upon with dispatch. (E.g., Pen. Code, § 1476.) (3) A petition for writ of habeas corpus challenging denial of parole is subject to summary denial for procedural reasons. (E.g., see *In re Clark* (1993) 5 Cal.4th 750, 763 et seq. [21 Cal.Rptr.2d 509, 855 P.2d 729].) (4) Such a petition is also subject to

---

[2]Our holding is consistent with California Rules of Court, rule 4.552, effective January 2, 2002, which provides:

"Rule 4.552 Habeas corpus jurisdiction

"(a) **[Proper court to hear petition]** Except as set forth in subdivision (b)(2), the petition should be heard and resolved in the court in which it is filed.

"(b) **[Transfer of petition]**

"(1) The superior court in which the petition is filed must determine, based on the allegations of the petition, whether the matter should be heard by it or in the superior court of another county.

"(2) If the superior court in which the petition is filed determines that the matter is more properly heard by the superior court of another county, it may nonetheless retain jurisdiction in the matter or, without first determining whether a prima facie case for relief exists, order the matter transferred to the other county. Transfer may be ordered in the following circumstances: [¶] (A) If the petition challenges the terms of a judgment, the matter should be transferred to the county in which judgment was rendered. [¶] (B) If the petition challenges the conditions of an inmate's confinement, it should be transferred to the county in which the petitioner is confined. A change in the institution of confinement that effects a change in the conditions of confinement may constitute good cause to deny the petition.

"(3) The transferring court must specify in the order of transfer the reason for the transfer.

"(4) If the receiving court determines that the reason for transfer is inapplicable, the receiving court must, within 30 days of receipt of the case, order the case returned to the transferring court. The transferring court must retain and resolve the matter as provided by these rules.

"(c) **[Single judge must decide petition]** A petition for writ of habeas corpus filed in the superior court must be decided by a single judge; it must not be considered by the appellate division of the superior court."

summary denial for failure to demonstrate that the Board of Prison Terms has abused its discretion in denying parole. (See, e.g., *In re Powell* (1988) 45 Cal.3d 894, 901-902 [248 Cal.Rptr. 431, 755 P.2d 881]; see also *In re Rosenkrantz* (2000) 80 Cal.App.4th 409, 423-424 [95 Cal.Rptr.2d 279]; *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 [77 Cal.Rptr.2d 463].) (5) A trial or appellate court can readily determine whether such a petition should be summarily denied or whether an order to show cause should issue.

The petition for writ of habeas corpus is treated as a writ of mandate. Let a writ of mandate issue compelling the Superior Court of Los Angeles County to adjudicate the petition for writ of habeas corpus. We express no opinion whether or not it is subject to summary denial or whether an order to show cause should issue.

Gilbert, P. J., and Perren, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 10, 2002. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.