[No. F047602. Fifth Dist. May 11, 2005.]

THE PEOPLE, Petitioner, v.
TULARE COUNTY SUPERIOR COURT, Respondent.
EDWIN GREGORY, Real Party in Interest.

COUNSEL

Phillip J. Cline, District Attorney, Carol B. Turner and Don H. Gallian, Assistant District Attorneys, and Barbara J. Greaver, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Eric S. Multhaup for Real Party in Interest.

OPINION

ARDAIZ, P. J.—

## BACKGROUND

On September 5, 1993, real party in interest Edwin Gregory (Gregory) shot and killed Jack Burrow. On May 16, 1994, he pled no contest to second degree murder with the use of a firearm, and submitted the issue of his sanity to a jury. After the jury found him sane at the time of the offense, he was sentenced to 15 years to life in prison for the murder, plus three years for the use enhancement, with a recommendation that he be allowed to serve his sentence at the state hospital at Atascadero. On appeal, this court affirmed. (*People v. Gregory* (Nov. 1, 1995, F021997) [nonpub. opn.] (hereafter *Gregory I*).)[1]

On November 20, 2000, the trial court granted habeas corpus relief in Tulare County Superior Court case No. 53294, on the theory that Gregory's no contest plea was not knowing, intelligent, and voluntary, in that he was not advised of, and could not appreciate, the possible defenses he was waiving, specifically so-called imperfect self-defense.[2] The trial court vacated the judgment of conviction and sentence, and ordered the no contest plea set aside. The People appealed. (Pen. Code, § 1506.)[3] This court reversed, holding that a claim of imperfect self-defense cannot be based on delusion alone. We did, however, recognize that other bases for relief were presented

---

[1] By separate order, we have taken judicial notice of our opinions in *Gregory I* and *People v. Gregory*, review granted November 26, 2002, S110450█ (hereafter *Gregory II*). *Gregory II* is our case No. F037202 and was filed September 4, 2002.

[2] Judge Silveira has presided over all portions of the writ proceeding. Although we refer to "the trial court," he was not the judge who accepted Gregory's change of plea or presided at his trial.

[3] All statutory references are to the Penal Code unless otherwise stated.

to the trial court, but not ruled upon. Accordingly, we remanded the matter for further proceedings, to permit determination of those grounds. (*Gregory II*, *supra*, 101 Cal.App.4th at p. 1179.)

On November 26, 2002, the California Supreme Court granted review in *Gregory II* (S110450). Although briefing was obtained, on November 14, 2003, further action was "deferred pending consideration and disposition of the appeal in *People v. Wright* (S119067)," which involved imperfect self-defense based on delusion resulting from mental illness attributable to methamphetamine abuse. *Wright* was argued and submitted on March 8, 2005, but no opinion has yet been filed.▪

At some point subsequent to the grant of review in *Gregory II*, the trial court granted Gregory's motion for a further evidentiary hearing on the issues which remained in his habeas corpus proceeding. That hearing was held on March 9, 2005. The trial court again granted relief, setting aside Gregory's 1994 no contest plea on the theory that there was an "inadequate explanation of his rights" and "even if advised, which he wasn't, to have understood and processed the information about the defenses, he just didn't have the ability." The trial court apparently was *not* basing these conclusions on the theory of imperfect self-defense which was the original basis for his ruling; instead, the defense that was not adequately explained to Gregory "was a complete absence of evidence leading to premeditation and deliberation." The trial court also set aside the 1994 sanity verdict on the theory that defense counsel inadequately cross-examined the lone prosecution expert on sanity, and that expert was not provided with all the important evidence on that defense. The trial court concluded that had said expert not provided such suspect testimony, "there was a unanimous opinion that [Gregory] was insane." The trial court found that allowing Gregory to face a sentence of 15 years to life in prison approached a violation of the due process and cruel and unusual punishment provisions of the Constitution, and determined it had the same authority as a magistrate would, at a preliminary hearing, to dismiss part of the charge on the ground of insufficient evidence. The trial court expressed the opinion that the evidence at trial was totally insufficient to justify a verdict that Gregory was sane; it found, as a matter of law, that there was insufficient evidence to prove malice aforethought. Accordingly, the trial court ruled that if the People chose to retry Gregory, they could do so only on a charge of manslaughter. The court ordered the People to file an amended information or seek writ review, and permitted Gregory to remain on bail.

The People subsequently filed the instant petition, challenging not the setting aside of the plea, but the order to file an amended information. We issued a stay of proceedings, then notified the parties that we were considering issuing a peremptory writ on the ground the trial court lacked jurisdiction

to enter *any* further order in the case at this time. Accordingly, we had the parties brief the jurisdictional issue.

## DISCUSSION

The general rule is that " ' "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal *and issuance of the remittitur*" [citation], thereby divesting the trial court of jurisdiction over anything affecting the judgment. [Citations.]' " (*People v. Flores* (2003) 30 Cal.4th 1059, 1064 [135 Cal.Rptr.2d 63, 69 P.3d 979], italics added; see, e.g., *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [81 Cal.Rptr.2d 301, 969 P.2d 146]; *Sacks v. Superior Court* (1948) 31 Cal.2d 537, 540 [190 P.2d 602].) " 'The purpose of the rule depriving the trial court of jurisdiction in a case during a pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.' [Citation.]" (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089 [86 Cal.Rptr.2d 602, 979 P.2d 963].)

As this rule applies where habeas corpus proceedings are concerned (e.g., *France v. Superior Court* (1927) 201 Cal. 122, 131–132 [255 P. 815]), we start with the proposition that the People's notice of appeal from the original grant of habeas corpus relief in Tulare County Superior Court No. 53294, vested jurisdiction in this court until determination of the appeal and issuance of the remittitur, thereby divesting the trial court of jurisdiction until such time as the remittitur issues. Because the California Supreme Court has granted review, remittitur cannot issue until after such time as the cause is disposed of in that court.

Even under the general rule, however, jurisdiction survives where provided by law. (See *People v. Flores, supra,* 30 Cal.4th at p. 1064.) In the case of habeas corpus proceedings, "[t]he Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction . . . ." (Cal. Const., art. VI, § 10.) However, the fact of concurrent jurisdiction does not give trial courts unfettered power. As the California Supreme Court explained over 70 years ago, "It may be conceded that the superior courts of the state have concurrent jurisdiction with the appellate courts in habeas corpus proceedings, but this does not mean that they have the power to interfere with the appellate jurisdiction of either of said last-named courts in matters pending before said appellate courts or to overrule or set aside a judgment rendered therein. It is not claimed that this could be done directly by any proceeding instituted for that purpose in the superior court, but if the last-named court has power under the constitution to discharge from custody

by a writ of habeas corpus a defendant whose appeal is at the time pending before either of the appellate courts of the state, then the superior court may do indirectly that which it must be admitted it has no power to do directly . . . . [¶] . . . ■ We [hold] that under the power invested in the superior courts of this state to issue writs of habeas corpus they are not given the authority to invade the jurisdiction of an appellate court, and to oust said appellate court of its jurisdiction in a criminal action pending before it on appeal by discharging on habeas corpus the appellant in said action on any ground appearing upon the face of the record on appeal, and which is raised or could be raised on said appeal." (*France v. Superior Court, supra,* 201 Cal. at pp. 131–132, italics omitted.)

The bases for relief addressed by the trial court in the proceedings at issue were presented to it during the proceedings which are now on review before the Supreme Court in *Gregory II.* Gregory says those issues were not and could not have been raised in the appeal because, as this court recognized in its opinion, they were never ruled upon by the trial court. However, the ultimate question before the trial court was the same in both proceedings. The specific theory of relief is a matter embraced in the order appealed from. (See Code Civ. Proc., § 916, subd. (a); *Townsel v. Superior Court, supra,* 20 Cal.4th at pp. 1089–1090 [applying Code Civ. Proc., § 916, subd. (a), during pendency of appeal in capital case]; *Estate of Sherman* (1956) 46 Cal.2d 534, 536–537 [297 P.2d 425] [substantive issues cannot embrace same matters if inferior court is to proceed during pendency of appeal].)

Of particular significance is the fact that the trial court's original decision and granting of the writ petition, albeit upon a specific ground, constituted a final order. (§ 1506.) Were this not so, the People could not have perfected their appeal therefrom; yet, there is no claim that the appeal was premature or from a mere interlocutory ruling.

■ The " 'one final judgment' " rule is "a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case. [Citation.] The theory underlying the rule ' "is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' [Citation.]" (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21 [23 Cal.Rptr.3d 490, 104 P.3d 844].) Accordingly, " '[a]n appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as "separate and independent" from those remaining.' [Citations.]" (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 436 [129 Cal.Rptr.2d 436].) This rule

does not change simply because habeas corpus proceedings are involved, and because the statute authorizing an appeal therein refers to a "final order" instead of a "final judgment." (§ 1506.)

As previously described, we noted in *Gregory II* that several bases for relief were presented to the trial court, and evidence was presented thereon. We then agreed with Gregory's contention that the trial court never implicitly or explicitly ruled on these other possible grounds for relief. Accordingly, we remanded the matter for further proceedings, to permit the parties to argue, and the trial court to determine, whether the petition should be granted or denied based on the remaining grounds. (*Gregory II*, *supra*, 101 Cal.App.4th at p. 1179.) By this language, we did not abrogate the "one final judgment" rule or intend to suggest that the various possible bases for habeas corpus relief could be litigated in piecemeal fashion. Indeed, to have a final order for purposes of appeal, the remaining potential bases for relief necessarily had to be deemed to have been rejected by the trial court.

■ Instead, implicitly recognizing that a habeas corpus proceeding is to be disposed of, in the first instance, "as the justice of the case may require" (§ 1484; see *In re Crow* (1971) 4 Cal.3d 613, 619 [94 Cal.Rptr. 254, 483 P.2d 1206]), we simply saw fit, in light of the equities of the situation, to afford the parties a chance to secure a ruling on the other potential bases for relief. The opportunity thus was afforded not because the trial court retained jurisdiction to undertake further proceedings despite the pending appeal, but because this court provided it. The opinion in which we provided it has been superseded by the Supreme Court's grant of review. ■ "Remittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court." (*Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 10 [270 Cal.Rptr. 346].) ■ Because there currently is neither an extant judgment of the reviewing court nor a remittitur revesting jurisdiction in the trial court, that court lacked the power to undertake further proceedings in this matter.

*In re Carpenter* (1995) 9 Cal.4th 634 [38 Cal.Rptr.2d 665, 889 P.2d 985] (*Carpenter*) does not lead to a different result. In that case, the petitioner's automatic appeal, following imposition of a judgment of death, was pending in the Supreme Court when he filed a petition for writ of habeas corpus in the superior court, alleging juror misconduct. His petition ultimately was granted and the judgment vacated. An appeal was taken directly to the Supreme Court, in part challenging the superior court's jurisdiction. (*Id.* at pp. 642, 645.)

The California Supreme Court rejected the claim of lack of jurisdiction, stating: "Nothing in article VI, section 10 [of the California Constitution], or

any other provision of law, denies the superior court of subject matter jurisdiction over habeas corpus proceedings when the challenged judgment is pending on appeal before an appellate court . . . . We agree with the Attorney General that '[c]apital cases are different.' They are exclusively within our appellate jurisdiction. [Citation.] But they are not exclusively within our *habeas corpus* jurisdiction." (*Carpenter, supra,* 9 Cal.4th at p. 646.) The court continued: "This is not to say that the superior court may exercise its subject matter jurisdiction over habeas corpus proceedings wherever such jurisdiction extends. It does not have 'the power to interfere with the appellate jurisdiction of either [this court or the Court of Appeal] in matters pending before said appellate courts . . . .' [Citations.] There was no such interference here. On habeas corpus, the superior court entertained only the claim of juror misconduct *that did not appear of record.* In the exercise of our appellate jurisdiction, we could not consider that point. Appellate jurisdiction is limited to the four corners of the record on appeal [citations] which, in this case, does not include the evidence of misconduct. We thus conclude the superior court had jurisdiction over this matter." (*Ibid.*)

■ " 'The general rule, of course, is familiar and universally recognized that *a duly perfected appeal divests the trial court of further jurisdiction of the cause in which the appeal has been taken.* The writ of habeas corpus, however, although granted to inquire into the legality of one imprisoned in a criminal prosecution is not a proceeding in that prosecution, but, on the contrary, is an independent action instituted by the applicant therein to secure his discharge from such imprisonment [citation].' [Citation.]" (*In re Baker* (1988) 206 Cal.App.3d 493, 498–499 [253 Cal.Rptr. 615], original italics omitted, italics added, quoting *France v. Superior Court, supra,* 201 Cal. at pp. 126–127.) In *Carpenter,* what was pending in the Supreme Court was the appeal from the conviction. In Gregory's case, what is pending is the appeal *from the writ itself,* i.e., the very same habeas corpus action in which the new proceedings were held. Although it does not appear the precise basis for relief (availability of imperfect self-defense based on delusion) was relitigated, as we have noted, the same overall claim (the validity of Gregory's plea) was at issue. Thus, we are not dealing with a situation in which an action *independent from, or collateral to, the matter on appeal* is at issue.[4]

In light of the foregoing, the trial court lacked jurisdiction to enter *any* further order on the merits in the case of *People v. Gregory,* Tulare County Superior Court case No. 53294.

---

[4] Gregory's request for judicial notice of this court's unpublished order of November 2, 2001, in *In re Flores,* case No. F038830, is denied. (Cal. Rules of Court, rules 22(a), 977(a); *In re Sena* (2001) 94 Cal.App.4th 836, 839 [115 Cal.Rptr.2d 22].)

## DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Tulare County to vacate and set aside its order of March 9, 2005, in case No. 53294. The order filed in this court on March 22, 2005, staying proceedings in that matter, shall remain in effect until this opinion is final in all courts of this state, the California Supreme Court grants a hearing herein, or respondent court complies with the directions stated above, whichever shall occur first.

Dibiaso, J., and Cornell, J., concurred.