Filed 8/2/16  P. v. Ervin CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B268787 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA047039) |
| v. | |
| OTIS FITZGERALD ERVIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eric P. Harmon,  Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is a *Wende* appeal from a post-judgment order denying appellant Otis Fitzgerald Ervin's motions to vacate a judgment and enter a default judgment. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) For the reasons that follow, we affirm.

Ervin was convicted by a jury of second degree robbery on June 9, 2010. (Pen. Code, § 211,[1] the robbery case.) During the robbery case, he was charged with attempting to dissuade a witness while released on bail, and was convicted on that charge by a different jury. (§§ 136.1, subd. (a)(2); 12022.1.) In both cases, the court found allegations of prior felony convictions (a 1991 robbery and 2001 grand theft) and prior prison terms to be true. At a joint sentencing hearing in August 2010, Ervin received 15 years in the robbery case, with a consecutive 12-year term in the witness intimidation case. He appealed from the judgment in each case. We affirmed the convictions but reduced the aggregate sentence from 27 years to 21 years. (*People v. Ervin* (Sept. 20, 2011, B227021 [nonpub. opn.].) Later, we denied Ervin's petitions for writ of habeas corpus in case Nos. B240092, B247027 and B249784.

In 2015, Ervin filed the two post judgment motions that are the subject of the present appeal. The first sought to vacate the robbery conviction for lack of jurisdiction, and the second sought to enter a default judgment. The trial court (Judge Eric P. Harmon) denied both motions on October 28, 2015. This timely appeal followed.

Ervin's appointed counsel filed a *Wende* brief requesting that we independently review the record for arguable issues. After being advised of his right to file a supplemental brief, Ervin filed a supplemental brief, a motion to vacate a void judgment for lack of subject matter jurisdiction, and a request for admissions.

Ervin relies on a document—his copy of a preliminary complaint in the robbery case—which is not part of the record on appeal. He argues that because his copy of the complaint is not signed, the robbery case must be dismissed for lack of jurisdiction. We disagree. The trial court correctly rejected this contention as untimely: "This contention lacks merit and the motion is denied. First, an unsigned complaint would not warrant

---

[1] All further statutory references are to the Penal Code.

tampering with the judgment. *People v. Mason* (1960) 183 Cal.App.2d 168 (Objections to criminal complaint must be taken while defendant is held under warrant of arrest; after preliminary hearing and order holding defendant to answer to superior court, original complaint becomes functus officio)." It also denied the motion as factually erroneous: "Second, the court has reviewed the file and both the complaint filed on October 6, 2009 and the amended complaint filed on November 24, 2009, were signed."

On appeal, the test is whether substantial evidence supports the trial court's factual finding, which is presumed to be correct. (*People v. Raviart* (2001) 93 Cal.App.4th 258, 262.) Even assuming Ervin's copy of the complaint was not signed, that does not mean the original documents contained in the superior court file were not signed. The trial court's factual determination to the contrary is presumed to be correct, and Ervin has not shown otherwise.

Ervin seeks to vacate the robbery conviction, claiming he did not take personal property from the victim by means of force or fear, and that the detective who interviewed the victim was lying. But he already challenged the sufficiency of the evidence in the previous appeal (B227021), in which we affirmed the judgment of conviction. It is past time to revisit the issue. (See *People v. Superior Court* (*Gregory*) (2005) 129 Cal.App.4th 324, 330–332 [criminal defendants are precluded by one final judgment rule from bringing multiple appeals in the same action].)

Based on our independent analysis of counsel's brief, Ervin's supplemental brief and papers, and the entire appellate record, we find there is no arguable issue on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 121; *People v. Kent* (2014) 229 Cal.App.4th 293, 300.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:



WILLHITE, J.



COLLINS, J.