Filed 8/26/20  P. v. Santana CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN SANTANA,<br><br>    Defendant and Appellant. | B304541<br><br>(Los Angeles County<br> Super. Ct. No. KA115259) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mike Camacho, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

In this third appeal, Juan Santana challenges the trial court's refusal to strike the firearm enhancement at his resentencing hearing. Santana's appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Santana filed a supplemental brief raising two issues which we decided in his previous appeal. We affirm the judgment.

## PROCEDURAL BACKGROUND

This case arose from the shooting death of Patricia Salva in her home. In the days after her death but before her body was discovered, Santana, his son, and his girlfriend returned to Salva's home several times to steal various items, many of which were recovered from Santana's car or his ex-wife's house. At closing, defense counsel conceded the evidence demonstrated Santana's guilt on burglary, receiving stolen property, and second degree murder, but urged the jury to acquit him of first degree murder and to find the personal use firearm enhancements not true. He did not consult Santana before taking that course, believing it was a strategic choice within his control.

The jury found Santana guilty of second degree murder, second degree burglary, and receiving stolen property. In connection with the second degree murder count, the jury found true the firearm enhancements pursuant to Penal Code section 12022.53, subdivisions (b)-(d).[1] The trial court imposed a determinate term of three years for the second degree burglary conviction, stayed the sentence for the conviction for receiving stolen property, and imposed an indeterminate term of 15 years to life for the second degree murder conviction. The court also

---

[1] All further section references are to the Penal Code.

2

imposed an additional 25 years to the murder charge for the firearm enhancement under section 12022.53, subdivision (d). It stayed the remaining firearm enhancements under section 12022.53, subdivisions (b) and (c). The sentences were ordered to run consecutively.

On appeal, Santana argued he did not consent to his trial counsel's strategic decision to concede second degree murder to avoid a conviction for first degree murder. He also argued, among other things, that insufficient evidence supported the jury's finding under section 12022.53, subdivision (d) that he personally used a firearm to kill Salva. We found Santana's Sixth Amendment rights were not violated by his trial counsel's concession because nothing in the record showed Santana sought to maintain his innocence in a way that conflicted with his counsel's decision to concede his guilt to some of the charges. Thus, despite the counsel's lack of consultation with Santana, nothing demonstrated counsel's concession overrode Santana's objectives. We also found the evidence was sufficient to support the jury's implicit conclusion Santana murdered Salva by personally shooting her twice. (*People v. Santana* (July 30, 2019, B286320) [nonpub. opn.].)

We therefore affirmed Santana's convictions but remanded for the trial court to exercise its discretion to dismiss or strike the firearm enhancement as authorized by recently amended section 12022.53, subdivision (h). (*People v. Santana, supra,* B286320 [nonpub. opn.].) We dismissed a second appeal challenging the trial court's denial of his motion to strike a $4,490.27 victim restitution order. (*People v. Santana* (Oct. 3, 2019, B296399) [nonpub. opn.].)

Santana's resentencing hearing was held on January 28, 2020. Santana argued there was no direct evidence to support a finding under section 12022.53, subdivision (d) that he personally and intentionally used the firearm to kill Salva. He stressed no witness testified he possessed the gun at the time of Salva's death and used it to kill her. Santana also raised the issue of his trial counsel's concession to second degree murder.

The trial court "acknowledge[d] that . . . the evidence presented at trial [of the possession of the firearm and ultimate use of the firearm] was circumstantial, absolutely." However, it explained, "this is not a case where the court is required to determine whether or not there is insufficient evidence to support the gun use enhancements. This is strictly conceding that the gun use enhancements were sustained by the jury and there was sufficient evidence in the record to support that finding. This is an issue before the court as to whether or not, given all the circumstances of this case, that the gun use enhancements should be stricken for purposes of sentencing or dismissed entirely, not because of the insufficiency of the evidence but because of the overall circumstances of the case."

The court declined to exercise its discretion to strike the firearm enhancements due to the vulnerability of the victim. Salas was elderly and infirm. The court also focused on the heinous nature of the crime, noting Santana and his cohorts shot Salas in the back twice and continued to burglarize her home while her dead body lay there. The court found no mitigating circumstances to warrant striking the firearm enhancements. It retained the original sentence. Santana appealed.

4

# DISCUSSION

We appointed counsel to represent Santana on appeal. Appointed counsel filed a *Wende* brief and notified Santana he could file a supplemental brief raising any issues he wished the court to consider. Santana filed a letter brief on July 27, 2020.

In his brief, Santana repeats the arguments he made at the resentencing hearing and adds a challenge to the Honorable Mike Camacho, the judge who presided over his trial and the resentencing hearing. He again asserts "[n]obody put[] [him] as the shooter and nobody point[ed] to [him] as the killer." As a result, Judge Camacho "went along and convicted [Santana] for 25 years for gun enhancement with evidence that never was." He also argues his trial attorney's tactical decision to concede second degree murder to avoid a first degree murder conviction violated his Sixth Amendment rights and showed Santana was "wrongfully charged for a crime [he] never committed." As a result of these perceived injustices, Santana questions whether Judge Camacho was in "his right senses when he presided over [his] preliminary hearing." Santana asserts Judge Camacho sent Santana "to trial knowing that he did not have the right information." Santana urges us to "to look at his ethics practice."

We review a court's discretionary decision to dismiss or strike a sentencing allegation for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116 (*Pearson*).) " ' "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing

5

objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citation.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." [Citation.]' " (*Pearson, supra,* 38 Cal.App.5th at p. 116.)

Absent a contrary affirmative showing in the record, we presume the trial court considered the relevant sentencing factors listed in the California Rules of Court when it determined whether to strike or dismiss the firearm enhancement. (*Pearson, supra*, 38 Cal.App.5th at p. 117; see Cal. Rules of Court, rules 4.409, 4.428(b) [striking enhancements], 4.410 [general objectives in sentencing], 4.421 [factors in aggravation], 4.423 [factors in mitigation].)

The record shows Judge Camacho properly considered the relevant sentencing factors to determine whether to strike or dismiss the firearm enhancement. While he found no factors in mitigation, Judge Camacho cited the vulnerability of the victim and the heinous nature of the crime as determining factors in aggravation. (Cal. Rules of Court, rules 4.421(a)(1) ["crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"] and 4.421(a)(3) ["victim was particularly vulnerable"].) Given the facts of the case, Judge Camacho did not abuse his discretion by declining to strike the firearm enhancement.

Further, Judge Camacho did not abuse his discretion when he refused to credit Santana's arguments regarding the Sixth Amendment violation and the insufficiency of the evidence. Judge Camacho properly determined those issues were addressed in our previous opinion and not subject to further review as the remand was limited to resentencing and the case could not otherwise by retried. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701; *People v. Superior Court* (*Gregory*) (2005) 129 Cal.App.4th 324, 331, [" '[r]emittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court' "].)

To the extent Santana seeks to discipline Judge Camacho for his purported misconduct, we lack authority to discipline a trial judge. The Commission on Judicial Performance is the entity responsible for disciplining judges. (*Oberholzer v. Commission on Judicial Performance* (1999) 20 Cal.4th 371, 384; Cal. Const., art. VI, §§ 8, 18.) In any case, there appears no basis for discipline as the record reveals Judge Camacho properly discharged his judicial duties. Certainly, Santana has presented no evidence of bias, abuse of authority, disregard for fundamental rights, or intentional disregard of the law. (*Id.* at p. 398.)

## DISPOSITION

The judgment is affirmed.

BIGELOW, P. J.

We concur:

GRIMES, J.

STRATTON, J.