[Crim. No. 2142. Second Appellate District, Division One.—January 18, 1932.]

THE PEOPLE, Appellant, v. WALTER MUNGER, Respondent.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Appellant.

A. H. McConnell for Respondent.

CONREY, P. J.—Upon defendant's plea of guilty of the crime of robbery as charged in the information, he was brought before the court for sentence. After hearing testimony upon the question of degree of the crime, the court determined that the offense was robbery of the first degree. Thereupon the court pronounced judgment, which judgment was duly entered on the twentieth day of July, 1931. From the judgment thus entered there was no appeal. On the thirtieth day of July, 1931, while the defendant remained in the custody of the sheriff, and before he had been taken to the state prison, defendant was brought before the court with his counsel, the district attorney also being present. The judge thereupon announced that on further reflection he had determined to fix the degree of robbery as second degree, and imposed sentence accordingly. The minutes of this proceeding on July 30th read thus: "Former fixation of crime and sentence are vacated. Crime is now fixed at robbery in the second degree and new sentence is pronounced," etc. It is from this judgment or order of July 30, 1931, that the plaintiff appeals.

The principal ground of appeal, and the only one which we find it necessary to consider, is the ground or contention that the court on July 30, 1931, was without jurisdiction to set aside or vacate the judgment as pronounced and entered on July 20, 1931, or to substitute therefor an amended or other judgment.

We are of the opinion that the contention of appellant must be sustained. Judgment having been regularly pronounced, which judgment was duly entered on the twentieth day of July, the court thereafter was without authority to set aside the judgment except by some proceeding, such as that of new trial or appeal, by which the validity of such

judgment might be impeached, thereby disrupting its integrity as a judgment.

It is ordered, that the said judgment or order of July 30, 1931, be and the same is hereby reversed, leaving in full force and effect the judgment as entered July 20, 1931.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1932.