[Crim. No. 2934. Second Appellate District, Division Two.—December 17, 1936.]

In the Matter of the Application of QUEEN ESTHER SHEFFIELD for a Writ of Habeas Corpus. QUEEN ESTHER SHEFFIELD, Respondent, v. THE PEOPLE, Appellant.

178

U. S. Webb, Attorney-General, Frank W. Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Appellant.

Royal S. Riddle for Respondent.

WOOD, J.—An information was filed against petitioner in the superior court charging her with the crime of assault with a deadly weapon. To this charge she entered a plea of guilty, and on August 26, 1936, the court sentenced her to serve a term of six months in the county jail. The court further ordered that all of said sentence be suspended except five days. On September 4, 1936, the following order was entered: "It appearing that on August 26, 1936, defendant had served approximately fifty-five days in the county jail, it is now ordered and effective *nunc pro tunc* as of August 26, 1936, that defendant serve five days in the county jail." Thereafter petitioner applied for and obtained a writ of *habeas corpus* from the superior court, and upon the hearing thereof the court made the following order: "Writ of *habeas corpus* is granted and defendant is ordered released forthwith." Thereupon the district attorney announced in open court that he appealed to the District Court of Appeal from the last-mentioned order.

The trial court was without jurisdiction to grant probation to the defendant upon her plea of guilty to the offense charged. It is provided in section 1203 of the Penal Code that probation shall not be granted "to a defendant who used or attempted to use a deadly weapon in connection with the perpetration of the crime of which he was convicted."

 The order suspending the major part of the sentence was equivalent to placing defendant upon probation. (*In re Herron,* 217 Cal. 400 [19 Pac. (2d) 4].) That part of the sentence providing for suspension of all but five days was therefore a nullity, leaving the sentence valid for the full period of six months.

 The attempt of the court to give credit to the defendant for time actually served in jail prior to the plea of guilty was ineffective. In such circumstances the court was without authority to deduct from the sentence the time theretofore served. (*In re Hudspeth,* 100 Cal. App. 478 [280 Pac. 179].) It could have sentenced the defendant to serve 125 days or a shorter period. This was not done, but instead judgment was pronounced for the full term of six months.

 The order made on September 4, 1936, attempting to modify the original judgment *nunc pro tunc* as of August 26, 1936, was also ineffective. Judgment having been regularly pronounced, the court thereafter was without authority to set aside the judgment except by some proceeding such as that for a new trial or appeal. (*People* v. *Munger,* 119 Cal. App. 725 [7 Pac. (2d) 195].)

 This appeal by the People is governed by the provisions of section 1506 of the Penal Code, wherein it is provided: "If the people appeal, or petition for hearing in either the district court of appeal or the supreme court, the defendant shall not, in any case in which the judgment of conviction has become final, be discharged from custody pending final decision upon the appeal or petition for hearing, and he must, in such cases, be retaken into custody if he has been discharged; provided, however, that in bailable cases the defendant may be admitted to bail, in the discretion of the judge, pending decision of the appeal or petition for hearing." The lower court did not admit petitioner herein to bail but ordered her released forthwith. This it was without authority to do.

It is ordered that the order of the lower court for the release of petitioner be vacated and that petitioner be retaken into custody by the sheriff.

Crail, P. J., concurred.