[Crim. No. 24623. Second Dist., Div. Two. Mar. 24, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
WADE HAMILTON HUFF, Defendant and Respondent.

**COUNSEL**

Joseph P. Busch, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Michael Tynan and Dennis A. Fischer, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**ROTH, P. J.**—The People of the State of California appeal from an order granting respondent, Wade Hamilton Huff, partial relief in his petition for habeas corpus arising from the following factual background.

On March 25, 1960, following a conviction by way of a plea of guilty to a violation of section 11500 of the Health and Safety Code,[1] respondent was sentenced to state prison. At the same time the trial court also found three priors which had been charged to be true. Two of the prior convictions had been for violations of the same section of the Health and Safety Code. As a consequence respondent's sentence was indeterminate but with a minimum of two years and a maximum of twenty years.[2]

Thirteen years later in 1973 respondent alleging by way of a petition for habeas corpus irregularities in the process by which his prior convictions had been found true sought to set aside that result. A hearing was held on September 7, 1973. The record of respondent's original trial showed that a jury trial had been waived in respect of the priors but indicated nothing to show that there had been a waiver of a nonjury trial. The trial court on the petition for habeas corpus found that there had never been a trial or a hearing on the respective truth or validity of any of the priors and entered an order striking the prior convictions.

The effect of the court's striking the prior convictions was to decrease respondent's sentence from 20 years to 10 years,[3] and since over 13 years had already elapsed, respondent was discharged by the prison authorities on the ground that he had completed his term. On November 5, 1973, the People filed their notice of appeal from the order striking the

---

[1]The successor to this section is Health and Safety Code section 11350.

[2]At the time of commission of the offense, violation of Health and Safety Code section 11500 was punishable by imprisonment in the county jail for not more than one year or in the state prison for not more than ten years for first offenders. Second and subsequent offenders were subject to a term in state prison of not less than two nor more than twenty years if found to have been previously convicted of a narcotic offense set forth in division 10 of the Code. (40 West's Ann. Health & Saf. Code, § 11500, hist. note p. 168.)

[3]See footnote 2, *supra*.

priors but made no application for a stay of the order. (Pen. Code, § 1506.) Respondent has not been seen since, and is unaware of this appeal.

Respondent is represented on this appeal by the public defender who represented him on the writ discussed above. ■ The public defender filed a motion to dismiss this appeal on the ground that Penal Code section 1506 applies to this appeal and that the People had not complied with said section because of the People's failure to request a stay of the court's order. The People argued in effect that they had the right to take an appeal by way of either Penal Code section 1506 or section 1238 as an order made after judgment, and that application for a stay is not necessary under either code section. We denied the motion to dismiss without prejudice so that it could be decided at the same time as the appeal on the merits.

The notice of appeal was timely under Penal Code section 1506. Since we now decide for reasons set forth, *infra,* that it is not necessary for application to be made to the trial court or to the court where the appeal is pending for a stay as a prerequisite to preserving the right to appeal under 1506, the motion to dismiss is denied and it is unnecessary to decide the applicability of Penal Code section 1238.

Respondent argues that to allow the appeal without the stay required by 1506 would lead to harsh results if the judgment were to be reversed and he were to be incarcerated. Such result is no more harsh than that which would follow if defendant is ordered to and is actually released following a habeas corpus hearing. In such cases he must be rearrested and reincarcerated.

Respondent, insisting on a dismissal also argues that since he has completed his term and has been discharged from prison, this court is being requested for an advisory opinion. (*People* ex rel. *Lynch* v. *Superior Court* (1970) 1 Cal.3d 910, 912 [83 Cal.Rptr. 670, 464 P.2d 126].) The fallacy of this argument is its basic premise that superior court orders on habeas corpus are final and may not be reviewed on appeal. This was once the law in California (*In re Bruegger* (1928) 204 Cal. 169, 170 [267 P. 101]), but the whole purpose of section 1506 was to make orders of the superior court on habeas corpus reviewable.

· Penal Code section 1506 in relevant part provides: "An appeal may be taken to the court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus . . .

granting all or any part of the relief sought, in all criminal cases . . . . Such appeal shall be taken . . . in accordance with rules to be laid down by the Judicial Council. If the people appeal, or petition for hearing in either the court of appeal or the Supreme Court, the defendant shall not be discharged from custody pending final decision upon the appeal or petition for hearing and he must, in any case in which a judgment of conviction has become final, be retaken into custody if he has been discharged . . . . If the order grants relief other than a discharge from custody, the trial court or the court in which the appeal or petition for hearing is pending *may, upon application by the people,* in its discretion, and upon such conditions as it deems just stay the execution of the order pending final determination of the matter." (Italics added.)

Although it may have been preferable for the People to have requested the trial court or the appellate court for a stay pending appeal, this procedure is not mandatory. (Compare *In re Sheffield* (1936) 18 Cal.App.2d 177 [63 P.2d 829].) Analysis of section 1506 of the Penal Code shows: that the People have the right to appeal; if the trial court has ordered a complete discharge and the defendant has been released under such order he must be retaken into custody; and appeal from such order of discharge is to be taken in accordance with rules "laid down by the Judicial Council;" where partial relief is granted and an appeal taken, the stay order is discretionary with the court, not mandatory; and there is no requirement that the People make any application for the stay. In the California Rules of Court, the Judicial Council has set forth the rules for an appeal under Penal Code section 1506. In rule 50 it is provided that the "time and manner" of taking an appeal from a final order of the superior court under Penal Code section 1506 shall be the same as that required for a criminal appeal. Rule 31(a) provides that an appealing party has 60 days after the making of the order in which to appeal.

█ The effect of section 1506 may be illustrated as follows: (1) if an appeal is not taken an order becomes final when the time for appeal has passed (*In re Crow* (1971) 4 Cal.3d 613, 621-622 [94 Cal.Rptr. 254, 483 P.2d 1206]); (2) if an appeal is taken, and a request for a stay of the order is made and granted, then the order is stayed pending appeal (Pen. Code, § 1506); and (3) if an appeal is taken and a request for stay is denied or no request for stay is made, then the appeal has no effect on the order unless and until the order is reversed. (See *In re Chessman* (1955) 44 Cal.2d 1, 10 [279 P.2d 24]; compare Pen. Code, § 1242.) At bench the case falls into the latter category.

We proceed to the merits of the appeal.

At the habeas corpus hearing held in 1973, it was established that although respondent had waived his right to a *jury* trial in 1960 on the issue of his prior convictions, he had not waived the right to have a trial on the issue. (Pen. Code, § 1025.) Respondent asked the 1973 court to strike the priors. Asked by the court if he wanted to be heard, the deputy district attorney said the People would submit. The court stated it would reread and study the file and rule the next morning. The next morning, September 7, 1973, the court made findings as follows: (1) there was no trial on the issue of the priors, and (2) that respondent was denied his right to have a trial in respect of the priors. The court further stated it would order the Department of Corrections not to use any of the priors that were in existence in 1960 in determining respondent's sentence. The following then ensued:

"Mr. Tynan [Deputy Public Defender]: In effect, then, those two priors are stricken? The Court: Yes, sir. Mr. Tynan: Thank you your Honor. The Court: They were not proven. Mr. Tynan: Thank you. Mr. Ross [Deputy District Attorney]: Your Honor, could the People have an opportunity at this time to prove up the priors? The Court: The motion in that respect would be denied."

The People do not contend that the court erred in finding that there was no trial on the priors and that they should be stricken. However, they do contend that the court abused its discretion in refusing the People the right to prove the priors *ab initio* after the court had announced it ruling. We find no abuse.

We can perceive reasons for the trial court's action in refusing to allow the People to prove the priors *ab initio*. At the hearing on the previous day the deputy prosecutor in response to the court's request for a statement of the People's position chose to submit on the record. Appellant's actual trial had been held 13 years ago and the prosecution's failure to prove priors that it had never proved at the trial should not be correctable now. Respondent for 13 years had been denied his right to speedy trial on the issue and the issue is stale. (*People* v. *Guaracha* (1969) 272 Cal.App.2d 839, 850-851 [77 Cal.Rptr. 695]; cf. *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90].)

The foregoing appear to us to be valid and cogent reasons for the trial court's refusing to allow the priors to be proved *ab initio*.

The order appealed from is affirmed.

Fleming, J., and Compton, J., concurred.