STEWART, J.
*767 A jury found James Samuel Bilbrey guilty of attempted murder (Pen. Code,[1] §§ 187/664), aggravated mayhem (§ 205), assault with a deadly weapon (§ 245, subd. (a)(1) ), and battery with serious bodily injury (§ 243, subd. (d).) The jury also found true a knife-use enhancement (§ 12022, subd. (b)(1) ) and a great-bodily-injury enhancement (§ 12022.7, subd. (a) ). The trial court denied Bilbrey's motion for a new trial and sentenced Bilbrey *768 to state prison for an aggregate term of 11 years to life. We affirmed the judgment on direct appeal. ( People v. Bilbrey (May 14, 2013, A129236), 2013 WL 1962969 [nonpub. opn.].)
In November 2016, the trial court granted Bilbrey's petition for a writ of habeas corpus, based upon the ineffectiveness of trial counsel, and ordered a new trial. The *385 People filed a timely notice of appeal (A150273).
After filing the appeal, the People did not seek to set a trial date or bring the case to trial. Nor did they seek a stay of trial court proceedings. In March 2017, Bilbrey filed a motion to dismiss the information for violation of his speedy trial rights under section 1382. The People opposed, arguing their pending appeal in case A150273 deprived the trial court of jurisdiction to rule on that motion. The trial court granted the motion to dismiss on March 22, 2017. The People filed a timely notice of appeal from the order of dismissal (A151401). In response to the People's subsequent petition for writ of mandate, we stayed the dismissal order pending resolution of the People's appeal from the trial court's habeas ruling.
We granted Bilbrey's unopposed motion to expedite the appeal from the habeas ruling and, on our own motion, consolidated that appeal with the People's appeal from the dismissal motion for purposes of oral argument and decision.
We affirm in part and reverse in part both the order granting Bilbrey's petition for writ of habeas corpus and the order dismissing the case based on the violation of Bilbrey's right to a speedy trial.
BACKGROUND
I.-II.**
III.
Speedy Trial Motion and Dismissal
In March 2017, after the People noticed their appeal from the order granting Bilbrey habeas relief and a new trial, Bilbrey moved to dismiss the information for violation of his right to a speedy trial under section 1382. Bilbrey argued the statute required dismissal because he had not been *769 brought to trial within 60 days of the November 21, 2016 habeas order. Bilbrey contended the trial court retained jurisdiction to rule on the motion under section 1506, which, he argued, required the People to seek a stay of the habeas order pending resolution of their appeal.
The People opposed the motion, arguing their pending habeas appeal divested the trial court of jurisdiction to rule on the motion. In the alternative, they argued in passing that their pending appeal constituted good cause for the delay in retrying Bilbrey.
The trial court heard Bilbrey's motion on March 22, 2017. The court found that the order granting Bilbrey habeas relief had been served on the relevant parties November 21, 2016, and that the People had 60 days thereafter to bring Bilbrey to trial. The court granted the motion, accepting Bilbrey's argument that, absent a stay under section 1506 or Bilbrey waiving time, he was entitled to dismissal under section 1382.
Two days later, the People filed a petition for writ of mandate, asking us to direct the trial court to vacate its dismissal order. We construed the petition as one for a writ of supersedeas and granted it, staying the dismissal order pending resolution of the People's appeal in case no. A150273.[7]
DISCUSSION
On appeal, the People contend the trial court erred by granting Bilbrey's petition for writ of habeas corpus and by granting his motion to dismiss.
*386 I.***
*770 II.
A151401. The Trial Court Retained Jurisdiction to Rule on Bilbrey's Motion to Dismiss, and the People Have Not Shown the Trial Court Abused its Discretion by Granting the Motion.
The People also appeal from the trial court's order granting Bilbrey's post-habeas motion to dismiss for violation of his right to a speedy trial under section 1382. They argue their appeal in case No. A150273 divested the trial court of jurisdiction to rule on Bilbrey's motion to dismiss because the motion was a "matter related to, embraced by, or affected by" the appeal from the habeas order granting Bilbrey a new trial. They also argue section 1506 of the Penal Code, which authorizes their appeal from the habeas order, did not require them to seek a stay of the order pending their appeal because "the trial court effectively ordered him discharged or released." As to the merits of the dismissal order, the People maintain dismissal was improper both because an appealed habeas order is not final and because the pending appeal constituted good cause to delay Bilbrey's retrial beyond the 60-day deadline.
In response, Bilbrey contends the trial court retained jurisdiction to rule on his motion to dismiss because the People failed to seek a stay of the habeas order as required by section 1506. The People were required to request a stay under that statute, Bilbrey argues, because the habeas order granted him " 'relief other than a discharge or release from custody.' " On the merits, Bilbrey argues dismissal was required because his retrial did not begin within 60 days of the November 21, 2016 habeas order as required by section 1382, and he notes the absence of authority indicating that a pending appeal, by itself, constitutes good cause to delay trial beyond the statutory deadline.
The parties do not dispute that Bilbrey has remained in custody pending the People's appeal from the habeas order granting him a new trial. Because part I of our Discussion concluded that Bilbrey was entitled to a new trial only on his attempted murder conviction, our analysis in this part is necessarily limited to whether dismissal of that count was lawful.
A. The Trial Court Retained Jurisdiction to Rule on the Motion to Dismiss
We review de novo the People's claim that the trial court lacked jurisdiction to grant Bilbrey's section 1382 motion. (See Day v. Collingwood (2006) 144 Cal.App.4th 1116, 1123, 50 Cal.Rptr.3d 903 [applying de novo standard of review in determining whether trial court had jurisdiction to rule on post-judgment sanctions motion].) Questions of statutory interpretation are *771 also reviewed de novo. ( John v. Superior Court (2016) 63 Cal.4th 91, 95, 201 Cal.Rptr.3d 459, 369 P.3d 238.)
1. Analysis
"The general rule is that ' " '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur ' [citation], thereby divesting the trial court of jurisdiction over anything affecting the judgment. [Citations.]" ' " ( People v. Tulare County Superior Court (Gregory ) (2005) 129 Cal.App.4th 324, 329, 28 Cal.Rptr.3d 276 ( Gregory ), quoting People v. Flores (2003) 30 Cal.4th 1059, 1064, 135 Cal.Rptr.2d 63, 69 P.3d 979 ( Flores ).) The purpose of this common law rule " ' "is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from *387 rendering an appeal futile by altering the appealed judgment ... by conducting other proceedings that may affect it." ' " ( Gregory , at p. 329, 28 Cal.Rptr.3d 276, quoting Townsel v. Superior Court (1999) 20 Cal.4th 1084, 1089, 86 Cal.Rptr.2d 602, 979 P.2d 963.) This rule applies where habeas corpus proceedings are concerned.[9] ( Ibid . )
"Jurisdiction survives, however, where provided by statute." ( Flores , supra , 30 Cal.4th at p. 1064, 135 Cal.Rptr.2d 63, 69 P.3d 979.) "In such cases, the jurisdictional period generally is not tolled during the pendency of an appeal." ( Ibid. ) "The prosecution's right to appeal in a criminal case is strictly limited by statute." ( People v. Chacon (2007) 40 Cal.4th 558, 564, 53 Cal.Rptr.3d 876, 150 P.3d 755.) "Long standing authority requires adherence to these limits even though 'the People may thereby suffer a wrong without a remedy.' " ( Ibid ., quoting People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 499, 72 Cal.Rptr. 330, 446 P.2d 138.)
In the criminal context, the Legislature has enacted statutes specifically addressing the effect of a pending appeal on proceedings in the trial court.
*772 These statutes prescribe the effects of both direct appeals and habeas appeals. One statute concerning direct appeals is section 1242, enacted in 1874.[10] Section 1242 reads, "An appeal taken by the people in no case stays or affects the operation of a judgment in favor of the defendant, until judgment is reversed." (§ 1242.) Similarly, section 1243 states that an appeal from a judgment of conviction (other than where a death sentence has been imposed) "does not stay the execution of the judgment or order granting probation ... unless the trial court shall so order." (§ 1243.) "The granting or refusal of such an order," section 1243 continues, "shall rest in the discretion of the court." (Ibid .) We read these statutes as effectively providing the prevailing party with the benefit of their success in the trial court pending resolution of any appeal, subject, in the case of appeals governed *388 by section 1243, to the court's discretion to stay its enforcement.
Section 1506 functions similarly in the context of proceedings on petitions for a writ of habeas corpus. Section 1506[11] specifically authorizes and governs the People's appeal from a superior court's order upon the return of a writ of habeas corpus. In fact, "the whole purpose of section 1506 was to make orders of the superior court on habeas corpus reviewable." ( People v. Huff (1975) 46 Cal.App.3d 361, 364, 120 Cal.Rptr. 210 ( Huff ).) That is, prior to enactment of the statute in 1927, the People had no right to appeal from an order made upon the return of a writ of habeas corpus and were *773 "very greatly handicapped by having no redress where a defendant is improperly released on habeas corpus." (Rep. of the Comm. for the Reform of Crim. Proc. (1927) p. 29.)
Until 1957, section 1506 stated that an appeal could be taken "by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant after his conviction, in all criminal cases" with certain exceptions.[12] The statute contained language similar to that it currently contains providing that if the people appeal, the defendant may be admitted to bail pending appeal. In 1957, however, the Legislature added the final sentence addressing an appeal from a *389 habeas order that "grants relief other than a discharge or release from custody." (See Stats. 1957, ch. 1561, § 1.) The report of the Legislative Counsel on the 1957 amendment stated that it "Grants to the people the right to appeal from a final order of a superior court granting all or any part of the relief sought in a habeas corpus proceeding, rather than only from an order discharging defendant" and "Provides that if the order grants relief other than a discharge from custody, the trial court or court in which the appeal or petition for hearing is pending may, upon application by the people, in its discretion, and upon such conditions as it deems just, stay the execution of the order pending final determination of the matter." (Legis. Counsel Rep. on Sen. Bill No. 439 (1957 Reg. Sess.).)
Prior to the 1957 amendment, the issue had arisen whether the People could "appeal from an order on habeas corpus which directs that a petitioner be granted relief but which does not order his release from custody." ( In re Chessman (1955) 44 Cal.2d 1, 4, 279 P.2d 24.) In Chessman , the petitioner argued they could not, claiming the term "discharge" as used in section 1506 did not include relief "short of effecting their release from illegal custody."
*774 ( Chessman , at p. 5, 279 P.2d 24.) The court interpreted "discharge" broadly to encompass not only discharge from imprisonment or restraint but also discharge "from illegal conditions of restraint although not from all restraint." ( Id. at p. 6, 279 P.2d 24.) Nonetheless, apparently recognizing the statutory reference to "discharge" was ambiguous, the State Bar proposed the 1957 amendment to "clarify the law" by adding language allowing the People to appeal from an order "granting any relief sought in a petition for writ of habeas corpus even though the defendant is not discharged from custody." (32 Journal of the State Bar of California (Jan.-Feb. 1957) 1957 Legislative Program, pp. 21-22.) The State Bar explained that the statute was amended to codify the decision in Chessman . (Fourth Progress Rep. to the Legis. by the Sen. Interim Judiciary Com., Rep. on Sen. Bill No. 439 (1957 Reg. Sess.) p. 354.)
More fundamentally here, section 1506 also now distinguishes between the effects of the People's appeal from a habeas order granting release or discharge and their appeal from an order granting "other" relief. Notably, in both situations and as with sections 1242 and 1243 in the context of direct appeals, section 1506 allows the prevailing habeas petitioner to enjoy the benefits of a favorable trial court disposition during the pendency of the appeal, subject to certain limitations. Specific to our purpose here, on appeal from such an order that "grants relief other than a discharge or release from custody" the trial or appellate court may, "upon application by the people, in its discretion, and upon such conditions as it deems just, stay the execution of the order pending final determination of the matter." ( § 1506.) Thus, a defendant who is granted partial relief-something short of release or discharge-may benefit from execution of the favorable order pending the People's appeal unless the trial or appellate court exercises its discretion to grant a stay requested by the People. The question before us is what effect the People's appeal has on execution of the order granting habeas relief if, as here, the People do not request and receive a stay.
The parties cite no authority previously interpreting or applying the stay provision of section 1506, and our research discloses none that squarely answers the question before us. As noted by the People at oral argument, some courts have referred to section 1506 in the limited context of noting, mostly impliedly, that certain forms of *390 habeas relief constitute relief "other than release or discharge" and are, therefore, eligible for a stay pending appeal under section 1506. (See In re Stinnette (1979) 94 Cal.App.3d 800, 155 Cal.Rptr. 912 [habeas order effectively releasing respondent on parole]; In re Brindle (1979) 91 Cal.App.3d 660, 154 Cal.Rptr. 563 [order granting incarcerated persons access to public defenders]; In re Fain (1976) 65 Cal.App.3d 376, 135 Cal.Rptr. 543 [order granting determination of prison term]; and In re Muszalski (1975) 52 Cal.App.3d 475, 125 Cal.Rptr. 281 [order granting inspection of confidential documents in Department of Corrections file].) One such case involved the People's appeal from a habeas *775 order granting petitioner a new trial. ( In re Rhymes (1985) 170 Cal.App.3d 1100, 1103, 217 Cal.Rptr. 439.) There, without explaining the circumstances, the court noted that "[t]he superior court ordered that petitioner continue to remain free on her own recognizance" and that, "[p]ending the resolution of the instant appeal, the court below stayed the retrial of petitioner." ( Ibid. ) Still, no court has expressly attempted to answer the question whether, absent a stay, the People's appeal from an order granting relief other than a discharge or release on habeas corpus automatically stays the order such that no stay is required.[13]
One of the few cases otherwise interpreting section 1506 since its 1957 revision is Huff , supra , 46 Cal.App.3d 361, 120 Cal.Rptr. 210. In Huff , the court permitted the People to proceed with their appeal from a habeas order reducing the defendant's sentence due to defects in obtaining his prior convictions. ( Id. at p. 363, 120 Cal.Rptr. 210.) Upon granting relief, the trial court had released the defendant, but the appellate court termed this only "partial relief" and determined that the part of section 1506 requiring a defendant in such a case to be returned to custody if the People appeal did not apply. ( Id. at p. 365, 120 Cal.Rptr. 210.)
The People appealed, "but made no application for a stay of the order. ( Pen. Code, § 1506.)" ( Huff , supra , 46 Cal.App.3d at pp. 363-364, 120 Cal.Rptr. 210.) Huff moved to dismiss the appeal "on the ground that Penal Code section 1506 applies to this appeal and that the People had not complied with said section because of the People's failure to request a stay of the court's order." ( Id. at p. 364, 120 Cal.Rptr. 210.) The People opposed, in part arguing that section 1506 did not require them to apply for a stay before proceeding with their appeal. ( Ibid. ) The court held section 1506 does not require the People to apply for and receive a stay "as a prerequisite to preserving the right to appeal under [ section] 1506." ( Ibid . )
After quoting most of section 1506, including the stay provision, the court explained more generally, "The effect of section 1506 may be illustrated as follows: (1) if an appeal is not taken an order becomes final when the time for appeal has passed [citation]; (2) if an appeal is taken, and a request for a stay of the order is made and granted, then the order is stayed pending appeal ( Pen. Code, § 1506 ); and (3) if an appeal is taken and a request for stay is *391 denied or no request for stay is made, then the appeal has no effect on the *776 order unless and until the order is reversed . [Citations.] At bench the case falls into the latter category." ( Huff , supra , 46 Cal.App.3d at p. 365, 120 Cal.Rptr. 210, italics added.) The court then denied the motion to dismiss the appeal and proceeded to the merits, affirming the habeas order. ( Id. at pp. 364-367, 120 Cal.Rptr. 210.)
Considering Huff and the foregoing statutory analysis, we interpret the operative language of section 1506 to create an exception to the general jurisdiction rule set forth in Flores . As such, absent a stay, the trial court has jurisdiction to execute a habeas order despite the pendency of the people's appeal from that order. If the trial court did not otherwise have jurisdiction to act, there would be no need for the statute to provide for the availability of a stay. Any argument that such a stay is not necessary to prevent the trial court from proceeding would render meaningless the provision of section 1506 allowing the People to seek a stay and the court to grant one-running afoul of "one of guiding principles of statutory construction, that significance be accorded every word of an act." ( People v. Johnson (2002) 28 Cal.4th 240, 246-247, 121 Cal.Rptr.2d 197, 47 P.3d 1064.)
The People do not really argue otherwise. They concede in their opening brief that the statute requires them to apply for a stay when a habeas order grants relief other than discharge or release from custody.[14] They contend, however, that the relief here was "effectively" a discharge or release from custody. We are not persuaded. The parties do not dispute that the habeas order did not actually discharge or release Bilbrey from custody. The argument that the order granting a new trial "effectively" discharged or released Bilbrey rests on an interpretation of the statutory language that is not reasonable, particularly given the Legislature's amendment of section 1506 to distinguish between discharge or release, on the one hand, and other types of relief, on the other. The amendment, which retained the reference to "discharging a defendant" but added "or otherwise granting all or any part of the relief sought" and the provision authorizing a stay of an order "grant[ing] relief other than a discharge from custody," indicates the Legislature intended the word "discharge" in the amended statute to mean a discharge from custody and not to encompass other types of habeas relief. (See Stats. 1957, ch. 1561, § 1.) Moreover, the People fail to explain why, if a grant of new trial falls within the terms "discharge" and "release," the same could not be said of any relief a court might grant on *777 habeas corpus to a defendant who will remain in state custody. The People's interpretation of release and discharge as all-encompassing would render the language "otherwise granting all or any part of the relief sought" and "relief other than a discharge or release from custody" entirely superfluous, again violating a core principle of statutory construction.
We are also not persuaded by the People's argument that section 1506 should *392 not be interpreted to confer jurisdiction on the trial court to execute a habeas order granting petitioner a new trial pending the People's appeal from that order. We discern no such limits on the scope of section 1506 from the statute itself, its legislative history, or the applicable-albeit limited-case law.
We recognize that the general rule that an appeal automatically stays the trial court judgment serves the purpose of preventing the trial court from interfering with the appellate court's jurisdiction and rendering the appeal moot. Our interpretation and application of section 1506 does not contravene that purpose. If the People and the trial court had proceeded to retry Bilbrey while the People's appeal from the order granting habeas corpus was pending, this would have interfered with this court's jurisdiction. Had that occurred, we would have considered the appeal just as we have done, and if we had reversed the order granting Bilbrey relief on the ground of ineffective assistance of counsel, the original judgment against Bilbrey would have been reinstated and Bilbrey returned to custody to serve his original sentence. The speedy trial violation would become moot because the grant of new trial would be reversed. While we have reached a different result in the habeas appeal, the People have not been prevented from prosecuting that appeal and we have not been impeded in considering it.
Thus, we agree with Bilbrey that, absent a stay pending resolution of the People's appeal, the trial court retained jurisdiction over his case, including his motion to dismiss. The language and context of section 1506 necessarily imply that a court that grants habeas relief other than a discharge from custody retains jurisdiction to undertake further proceedings despite the pending appeal unless and until the People request and the court grants a stay. Here, the People did not seek a stay, meaning the trial court retained jurisdiction to rule on Bilbrey's motion to dismiss. We turn, then, to consider the propriety of the trial court's order granting that motion.
B. The Section 1382 Dismissal Order Was Proper.
We review a trial court's ruling on a motion to dismiss pursuant to section 1382 of the Penal Code for abuse of discretion. ( People v. Hajjaj (2010) 50 Cal.4th 1184, 1197-1198, 117 Cal.Rptr.3d 327, 241 P.3d 828.)
*778 Section 1382, subdivision (a) provides in relevant part that, "unless good cause to the contrary is shown," a court "shall order the action to be dismissed" in a felony case when the defendant "is not brought to trial ... after the issuance of a writ or order, which, in effect, grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney." ( § 1382, subd. (a), (a)(2).)[15] The language concerning *393 a writ or order granting new trial was added to the statute after the courts in Sykes v. Superior Court (1973) 9 Cal.3d 83, 106 Cal.Rptr. 786, 507 P.2d 90 ( Sykes ) and People v. Guaracha (1969) 272 Cal.App.2d 839, 77 Cal.Rptr. 695 held that felons who are afforded habeas corpus relief granting a new trial are entitled to a speedy retrial. (5 Witkin, Cal. Crim. Law (4th ed. 2012) Criminal Trial, § 338, p. 568; see Stats. 1973, ch. 847, § 1.)
The statutory speedy trial rights provided in section 1382 and related sections of the Penal Code " 'are supplementary to and a construction of' the state constitutional speedy trial guarantee." ( People v. Martinez (2000) 22 Cal.4th 750, 766, 94 Cal.Rptr.2d 381, 996 P.2d 32.) "[S]ection 1382 constitutes a legislative endorsement of dismissal as a proper judicial sanction *779 for violation of the constitutional guarantee of a speedy trial and as a legislative determination that a trial delayed more than 60 days is prima facie in violation of a defendant's constitutional right." ( Sykes , supra , 9 Cal.3d at p. 89, 106 Cal.Rptr. 786, 507 P.2d 90.)
Here, the People first argue dismissal was improper because the 60-day period for Bilbrey to be retried has not begun to run, and will not do so unless and until the habeas order becomes final. They rely on Sykes , suggesting that the time period runs only when the People do not appeal. The People suggest their appeal of the habeas order tolled the 60-day period pending the outcome of their appeal. We find no support for this proposition in Sykes .
In Sykes , our Supreme Court considered whether the 60-day period applied where a petitioner had obtained relief by way of a writ of habeas corpus rather than one of the procedures described in the express provisions of the then current version of section 1382 (i.e., after a mistrial, entry of an order granting a new trial or filing of a remittitur in the trial court after a conviction has been reversed on appeal). ( Sykes , supra , 9 Cal.3d at pp. 88-90, 106 Cal.Rptr. 786, 507 P.2d 90.) Invoking the self-executing provisions of the California Constitution, which independently guarantee the right to a speedy trial, the court noted that a "person who has been released on a writ and ordered to be rearraigned for plea and retried on the original charges has the same interest in a speedy trial as do persons whose circumstances come within the express provisions of [ section 1382 ]." ( Sykes , at p. 92, 106 Cal.Rptr. 786, 507 P.2d 90.) Thus, the court concluded, there was "no reasonable justification for excluding *394 from the 60-day provision those defendants who establish their right to a retrial by way of a writ as distinguished from those who establish such right by other legal processes." ( Ibid . ) Upon concluding the People had failed to show good cause for the delay in retrying Sykes, the court issued a peremptory writ of mandate directing dismissal of the charges against him. ( Id. at pp. 94-95, 106 Cal.Rptr. 786, 507 P.2d 90.)
We agree there is no indication the People had appealed the order granting Sykes habeas relief, but that fact was immaterial to the Sykes court's determination. As Bilbrey suggests, the effect of an appeal on the 60-day period was simply not before the court. Thus, Sykes lends no support to the People's contention that the 60-day provision does not apply when they have appealed an order granting habeas relief. ( People v. Jennings (2010) 50 Cal.4th 616, 684, 114 Cal.Rptr.3d 133, 237 P.3d 474 [" 'cases are not authority for propositions not considered' "].)
Rather, the import of Sykes was to make clear that a habeas petitioner has a constitutional speedy trial right that applies after a trial court has granted a new trial as relief on a petition for habeas corpus. Sykes *780 recognized the right to a speedy trial as a fundamental right secured by the United States and California Constitutions, noting that it embodies a policy to expedite criminal proceedings "to the greatest degree that is consistent with the ends of justice." ( Sykes , supra , 9 Cal.3d at p. 88, 106 Cal.Rptr. 786, 507 P.2d 90.) As we have noted, the Legislature amended section 1382 in 1973 to expressly cover the situation addressed in Sykes by specifying the time limits on retrial "after the issuance of a writ or order which, in effect, grants a new trial." (5 Witkin, Cal. Crim. Law (4th ed. 2012) Criminal Trial, § 338, p. 568.)
Other than Sykes , the People cite no authority for the proposition that the 60-day statutory period was tolled by their habeas appeal. Given our preceding analysis of section 1506 and the fundamental nature of a criminal defendant's right to a speedy trial, we are not inclined to adopt such a position here. And there is another reason to reject the tolling argument, which concerns the language of section 1382. With respect to mistrials and orders granting new trials, if an appeal is not taken, or if an appeal from such orders is taken , subdivision (a)(2) provides that the 60-day time period shall run from the date "after the mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court ." ( § 1382, subd. (a)(2) [quoted in full in note 15, ante ], italics added.) In addressing the "issuance of a writ or order which, in effect, grants a new trial," however, the statute makes no reference to an appeal being taken or to the filing of a remittitur, but specifies only that the time period runs from the date "notice of the writ or order is filed in the trial court and served upon the prosecuting attorney." While the Legislature thus provided in effect that the appeal from a trial court order declaring a mistrial or granting new trial would toll the speedy trial period, it provided no such tolling in the case of an appeal from a grant of a writ. If it had intended to toll the speedy trial period for writs when it amended the statute to include them, it presumably would have employed language similar to that already contained in the statute in regard to mistrials and orders granting a new trial. (See Kray Cabling Co. v. County of Contra Costa (1995) 39 Cal.App.4th 1588, 1593, 46 Cal.Rptr.2d 674 [" 'Where the same word or phrase might have been used in the same connection in different portions of a statute but a different word or phrase having different meaning is used instead, *395 the construction employing that different meaning is to be favored' "].)
In the alternative, the People argue that their pending appeal in case No. A150273 constituted good cause to go beyond the 60-day statutory period. "What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court. [Citations.] In reviewing trial courts' exercise of that discretion, the appellate courts have evolved certain general principles. The courts agree, for example, that delay caused by the conduct of the defendant constitutes good cause to deny his motion to dismiss. Delay for defendant's benefit also constitutes good cause.
*781 Finally, delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal. Delay attributable to the fault of the prosecution, on the other hand, does not constitute good cause. Neither does delay caused by improper court administration." ( People v. Johnson (1980) 26 Cal.3d 557, 570, 162 Cal.Rptr. 431, 606 P.2d 738, fns. omitted.)
In support of their good-cause argument, the People rely on cases in which courts considered whether an appeal may be valid justification for a delay in bringing a defendant to trial. (See United States v. Loud Hawk (1986) 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 ; People v. Superior Court (Arevalos ) (1996) 41 Cal.App.4th 908, 48 Cal.Rptr.2d 833 ; People v. Hernandez (1985) 166 Cal.App.3d Supp. 1, 212 Cal.Rptr. 563 ; and Arnold v. Superior Court (1971) 16 Cal.App.3d 984, 94 Cal.Rptr. 589.) Some of these and other cases suggest that the People's pending appeal can constitute good cause for delaying trial beyond the statutory period, or at least constitute a substantial factor in support of a good cause finding. (See People v. Superior Court (Gonzales ) (1991) 228 Cal.App.3d 1588, 279 Cal.Rptr. 679 [concluding dismissal of felony information under section 1382 was not warranted because the People had sought interlocutory appellate review of trial court's refusal to honor their peremptory challenge under section 170.6 of the Code of Civil Procedure ]; Marcotte v. Municipal Court (1976) 64 Cal.App.3d 235, 242, 134 Cal.Rptr. 314 [concluding dismissal under section 1382 was not warranted because section 1538.5, subdivision (l) had automatically stayed trial and extended the section 1382 time period to allow the People to file a notice of appeal, noting "[a]ny other result would vitiate one of the underlying purposes of section 1538.5, which is to allow the People to seek appellate review of an adverse ruling on the admissibility of evidence"].)
But it was the People's burden to seek a stay by demonstrating good cause in a motion or application for a stay ( Batey v. Superior Court (1977) 71 Cal.App.3d 952, 957, 139 Cal.Rptr. 689 ) and to seek such relief prior to the expiration of the 60-day speedy trial deadline. Though the record reflects the trial court was aware of the People's pending appeal in case No. A150273, it also reflects the People did not provide the court with any authority supporting the proposition that their appeal justified the delay that would result from a stay. They argued only that forcing them to retry the case would deprive them of their remedy by way of appeal, which as we have already indicated is not accurate. (See pp. 391-92, ante .) If the People had sought a stay and demonstrated it would be burdensome to require them to retry the case, they were likely to succeed on appeal, and the burden on the People outweighed any possible prejudice to Bilbrey from delaying the retrial, the court might well have granted the stay. However, having failed to seek a stay pending appeal or to show good cause for a stay, the People *396 have no basis for complaining that the statutory period for bringing the case to trial was not *782 tolled, and as a result their further failure to bring the case to trial within the statutory period required the trial court to dismiss the case.
In short, we conclude that the People have not met their burden to show the trial court abused its discretion in dismissing the attempted murder charge under section 1382. In part I of the Discussion section, however, we concluded Bilbrey was entitled to a new trial only as to that conviction. Accordingly, only the attempted murder count warranted dismissal under section 1382, and the trial court erred in dismissing the other charges.
DISPOSITION
We affirm the November 21, 2016 order granting Bilbrey's petition for writ of habeas corpus only as to Bilbrey's conviction for attempted murder. We also affirm the March 22, 2017 order granting Bilbrey's motion to dismiss as to that charge.
We reverse the order granting habeas corpus and the order granting Bilbrey's motion to dismiss as to Bilbrey's convictions for aggravated mayhem, assault with a deadly weapon and battery with great bodily injury. We reduce the conviction for aggravated mayhem under section 205 to one for general mayhem under section 203 and reinstate Bilbrey's convictions for assault with a deadly weapon and battery with great bodily injury. We remand to the trial court for resentencing on those counts.
Our May 2, 2017 stay of the dismissal order will dissolve upon issuance of the remittitur.
We concur.
KLINE, P.J.
RICHMAN, J.

All further statutory references are to the Penal Code unless otherwise indicated.

See footnote *, ante .

On our own motion, we take judicial notice of the record in People v. Superior Court (Bilbrey) (May 2, 2017, No. A150861), pursuant to Evidence Code section 452, subdivision (d).

See footnote *, ante .

The parties devote substantial briefing to section 916, subdivision (a), a section of the Code of Civil Procedure that sets forth the same general rule for civil cases. The parties assume without discussion that section 916, subdivision (a) governs jurisdiction in criminal proceedings. That section is contained in part 2 of the Code, which is entitled "Of Civil Actions," and in title 13 of that part, which is entitled "Appeals in Civil Actions," suggesting it is inapplicable in criminal proceedings. (See People v. Superior Court (Laff ) (2001) 25 Cal.4th 703, 727-732, 107 Cal.Rptr.2d 323, 23 P.3d 563 [holding Code Civ. Proc. § 639, also contained in part 2, applies only in civil matters].) "[I]t is well established that ' "chapter and section headings [of an act] may properly be considered in determining legislative intent" [citation], and are entitled to considerable weight.' " (People v. Hull (1991) 1 Cal.4th 266, 272, 2 Cal.Rptr.2d 526, 820 P.2d 1036, quoting American Federation of Teachers v. Board of Education (1980) 107 Cal.App.3d 829, 836, 166 Cal.Rptr. 89.) The comparable common law rule that has been applied in criminal proceedings is generally the same except that the cases applying that rule recognize that the Legislature may create exceptions by statute.

We believe section 1235, et seq. applies in the context of only direct criminal appeals. The fact that section 1235, et seq., appears under title 9, chapter 2 of part 2 of the Penal Code-titled "Appeals in Felony Cases"-supports an inference that those sections apply only in direct appeals from criminal judgments and orders. Similarly, the fact that section 1506 appears under title 12, chapter 1 of part 2-titled "Of the Writ of Habeas Corpus"-supports an inference that section 1506 applies only to appeals in habeas proceedings. (See People v. Hull , supra , 1 Cal.4th at p. 272, 2 Cal.Rptr.2d 526, 820 P.2d 1036.) Thus, though we find section 1242 provides interpretive context for the question before us, we conclude it does not apply to this habeas appeal.

In full, section 1506 reads, "An appeal may be taken to the court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant or otherwise granting all or any part of the relief sought, in all criminal cases, excepting criminal cases where judgment of death has been rendered, and in such cases to the Supreme Court; and in all criminal cases where an application for a writ of habeas corpus has been heard and determined in a court of appeal, either the defendant or the people may apply for a hearing in the Supreme Court. Such appeal shall be taken and such application for hearing in the Supreme Court shall be made in accordance with rules to be laid down by the Judicial Council. If the people appeal from an order granting the discharge or release of the defendant, or petition for hearing in either the court of appeal or the Supreme Court, the defendant shall be admitted to bail or released on his own recognizance or any other conditions which the court deems just and reasonable, subject to the same limitations, terms, and conditions which are applicable to, or may be imposed upon, a defendant who is awaiting trial. If the order grants relief other than a discharge or release from custody, the trial court or the court in which the appeal or petition for hearing is pending may, upon application by the people, in its discretion, and upon such conditions as it deems just stay the execution of the order pending final determination of the matter."

As originally enacted in 1927, section 1506 read: "An appeal may be taken to the district court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant after his conviction, in all criminal cases prosecuted by indictment or information in a court of record, excepting criminal cases where judgment of death has been rendered, and in such cases to the supreme court; and in all criminal cases prosecuted by indictment or information in a court of record, where upon appeal or original application after conviction of the defendant an application for a writ of habeas corpus has been heard and determined in a district court of appeal, either the defendant or the people may apply for a hearing in the supreme court. Such appeal shall be taken and such application for hearing in the supreme court shall be made in accordance with rules to be laid down by the judicial council. If the people appeal, or petition for hearing in either the district court of appeal or the supreme court, the defendant shall not, in any case in which the judgment of conviction has become final, be discharged from custody pending final decision upon the appeal or petition for hearing and he must, in such cases, be retaken into custody if he has been discharged; provided, however , that in bailable cases the defendant may be admitted to bail, in the discretion of the judge, pending decision of the appeal or petition for hearing." (See Stats. 1927, ch. 628, § 1, italics added.)

The parties rely in their briefs on Gregory , supra , 129 Cal.App.4th 324, 28 Cal.Rptr.3d 276, and we asked them to focus at oral argument on its impact on this case. Gregory does not answer the question before us, however. There, the court considered what effect a pending habeas appeal had on the trial court's jurisdiction to act in the same habeas proceeding. (Gregory , at p. 332, 28 Cal.Rptr.3d 276.) The court was not required, as are we, to decide the impact of a pending habeas appeal on the trial court's jurisdiction to act in the underlying prosecution itself. Therefore, though we acknowledge that Gregory 's holding is in tension with our own, we conclude it is largely inapposite here.

Nor do they dispute that they did not seek a timely stay of the habeas order in this case. The record reflects the People eventually sought a stay under section 1506. But they did not do so until March 22, 2017, after the trial court granted Bilbrey's section 1382 motion to dismiss. Moreover, the People's written motion sought a stay of the dismissal order rather than the habeas order. The record does not reflect the trial court's disposition of the People's motion, though presumably the court denied it. As described above, however, we stayed the dismissal order pending resolution of the People's appeal in case No. A150273 on May 2, 2017.

Section 1382, subdivision (a)(2) provides in its entirety:
"(2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after the mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which, in effect, grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing. However, an action shall not be dismissed under this paragraph if either of the following circumstances exists:
"(A) The defendant enters a general waiver of the 60-day trial requirement. A general waiver of the 60-day trial requirement entitles the superior court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. If the defendant, after proper notice to all parties, later withdraws, in open court, his or her waiver in the superior court, the defendant shall be brought to trial within 60 days of the date of that withdrawal. Upon the withdrawal of a general time waiver in open court, a trial date shall be set and all parties shall be properly notified of that date. If a general time waiver is not expressly entered, subparagraph (B) shall apply.
"(B) The defendant requests or consents to the setting of a trial date beyond the 60-day period. In the absence of an express general time waiver from the defendant, or upon the withdrawal of a general time waiver, the court shall set a trial date. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter."