Filed 7/5/23  P. v. Arzate CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID ARZATE,<br><br>Defendant and Appellant. | F084720<br><br>(Stanislaus Super. Ct. No. 1105533)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Victor Blumenkrantz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

In 2007, appellant and defendant David Arzate (defendant) was convicted of attempted premeditated murder with an enhancement that he personally used and discharged a firearm in the commission of the offense. His convictions were affirmed on direct appeal, with this court correcting his sentence to 25 years to life plus 26 years.

In 2022, defendant filed a petition for resentencing pursuant to Penal Code section 1172.6[1] and alleged he was convicted of attempted murder based on a theory of imputed malice. The trial court appointed counsel, conducted a hearing, and found he was ineligible as a matter of law.

On appeal, defendant argues the trial court improperly made factual findings based upon this court's opinion in the direct appeal, that he was the actual perpetrator of the attempted murder, and the matter must be remanded for an evidentiary hearing. We find that, to the extent the trial court improperly made factual findings, the error was not prejudicial because the entirety of the jury instructions establish that defendant was not convicted of attempted premeditated murder based on any theories of imputed malice, and we affirm.

## FACTS[2]

"Kari Moncibaiz and her estranged husband, Joel Moncibaiz, were arguing in the parking lot of their mutual place of employment. Defendant, who was dating Kari and by

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition in 2022 pursuant to "section 1170.95." As will be discussed below, the statute was substantively amended, effective on January 1, 2022, and renumbered as section 1172.6 without further change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion, except where otherwise indicated.

[2] The following facts and procedural background are from the opinion in defendant's direct appeal, which the prosecution attached as an exhibit in support of its opposition to defendant's petition for resentencing. (*People v. Arzate*, Apr. 2, 2009, F053074 [nonpub. opn.].)

2.

whom Kari was then pregnant, happened to call Kari on her cellular telephone while the argument was in progress. Joel took the telephone and exchanged taunts and heated words with defendant. After the call, Kari drove away.

"A short time later, Kari returned to the parking lot, followed by defendant and two other men in a separate car. Defendant came out of the car, and he and Joel immediately began fighting. During a lull in the action, Kari approached defendant, lifted his shirt, and took a handgun from defendant's waistband. She returned to her car and defendant and Joel resumed their fight.

"Joel, a much larger man than defendant, was getting the better of defendant in the fight. Defendant broke off the fight and went to Kari's car, entering on the passenger side. He and Kari struggled over the gun, then Kari threw the gun out the window. Defendant got out of the car and recovered the gun.

"Defendant pointed the gun at Joel, who was then 20 to 25 feet from him. Defendant began firing. Joel turned and ran in a zig-zag motion until he fell down, unharmed. In all, defendant fired about seven times.

"Joel stood up again and began yelling. Kari left in her car, and defendant and the other two men left in their car." (*People v. Arzate*, *supra*, F053074.)

---

As will be discussed below, after notice to both parties, this court has also taken judicial notice of our records in the direct appeal. (Evid. Code, § 450, § 452, subd. (d), § 459.)

In reviewing a section 1172.6 petition, the court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 406, fn. 9.) The role of the appellate opinion is limited, however, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*People v. Clements,* at p. 292; *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) We have recited the factual statement from defendant's direct appeal to place his arguments in context and will not rely on that factual statement to resolve his appeal from the trial court's order that found his petition did not state a prima facie case for relief.

## PROCEDURAL BACKGROUND

On March 21, 2007, a second amended information was filed in the Superior Court of Stanislaus County charging defendant with count 1, attempted premeditated murder (§§ 664, 187); count 2, assault with a firearm (§ 245, subd. (a)(2)); count 3, participation in a criminal street gang (§ 186.22, subd. (a)); and count 4, possession of a firearm by a felon (§ 12021, subd. (a)), with firearm, gang, and prior conviction allegations. No other parties were alleged to have committed offenses in this case.

**Trial and Jury Instructions**

On March 19, 2007, defendant's jury trial began. No other defendants were tried with him.

On March 27, 2007, the court instructed the jury. The court gave CALCRIM No. 600 on the elements of count 1, attempted murder: that defendant took direct but ineffective steps toward killing another person, and he intended to kill that person. The jury also received CALCRIM No. 601, that if it found defendant guilty of attempted murder, it had to determine if the People proved the attempted murder was done willfully, and with premeditation and deliberation. "The defendant acted willfully *if he intended to kill when he acted*. The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, *decided to kill*. The defendant premeditated *if he decided to kill before acting*." (Italics added.)

CALCRIM No. 3148 stated that if the jury found defendant guilty of attempted murder, it had to determine whether the People proved the additional allegation that the defendant "personally and intentionally discharged a firearm during that offense." (§ 12022.53, subd. (c).) To prove this allegation, the People had to prove defendant "*personally discharged* a firearm during the commission of the crime," and he "*intended to discharge the firearm*." (Italics added.)

The jury was instructed on the separate charges and enhancements alleged in counts 2, 3, and 4. The jury was not instructed on the felony murder rule, the natural and

4.

probable consequences doctrine, principals and accomplices, aiding and abetting, or conspiracy.

**Convictions and Sentence**

On March 28, 2007, after a jury trial, defendant was convicted of count 1, attempted premeditated murder, and the jury found true the section 12022.53, subdivision (c) allegation, that he personally and intentionally discharged a firearm; count 2, assault with a firearm; count 3, participation in a criminal street gang; and count 4, possession of a firearm by a felon. The jury found the gang enhancements attached to counts 1 through 3 were not true. The court found the prior conviction allegations true.

On May 17, 2007, the court sentenced defendant as to count 1, attempted premeditated murder, to 45 years to life, plus 26 years for the firearm and prior conviction enhancements. The court imposed and stayed the sentence for count 2 pursuant to section 654; and imposed concurrent terms for each of counts 3 and 4.

**Direct Appeal**

On April 2, 2009, this court filed the nonpublished opinion that corrected defendant's sentence for count 1, attempted premeditated murder. (*People v. Arzate*, *supra*, F053074.)

> "The prescribed sentence for willful, deliberate, and premeditated attempted murder (count [1]) is life in prison with the possibility of parole. (§ 664, subd. (a).) Under normal circumstances, the minimum period prior to parole is seven years. (§ 3046, subd. (a)(1).) Defendant, however, was found to have three qualifying "strikes," so his sentence must be calculated under section 667, subdivision (e)(2)(a). That section provides that the minimum term of imprisonment must be the greater of three options set forth there. In this case, the second of those options, 25 years, provides the greatest minimum imprisonment. Accordingly, the correct sentence on count [1] is 25 years to life. [¶] The trial court pronounced a sentence of 45 years to life on this count. We will modify the sentence on count [1] to conform to the statutory requirement of 25 years to life."

This court ordered defendant's sentence modified and corrected, and otherwise affirmed the judgment.

On October 7, 2007, an amended abstract of judgment was filed that corrected defendant's sentence on count 1 to 25 years to life plus 26 years.

**PETITION FOR RESENTENCING**

On April 15, 2022, defendant filed a petition, in pro. per., for resentencing of his attempted murder conviction and requested appointment of counsel.

Defendant's supporting declaration consisted of a preprinted form where he checked boxes that stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

**The People's Opposition**

On April 4, 2022, the prosecution filed opposition and argued defendant was ineligible for resentencing as a matter of law because he was convicted of attempted murder as the actual perpetrator and not based on any theories of imputed malice.

The People's opposition was supported by this court's opinion from defendant's direct appeal; the instructions given at his jury trial only as to attempted murder; and the verdict forms and abstract of judgment.

On May 18, 2022, the court appointed counsel to represent defendant and ordered further briefing.

**Defendant's Reply**

On or about June 7, 2022, defendant's counsel filed a reply to the opposition, and argued the petition set forth a prima facie case for relief, the trial court could not make factual findings based on this court's opinion that affirmed defendant's conviction, and defendant should receive an evidentiary hearing pursuant to section 1172.6.

**The Court's Hearing**

On July 5, 2022, the court held a hearing on defendant's petition. Defendant was not present but represented by his appointed counsel.

The court stated it was going to deny the petition because defendant was ineligible for relief as a matter of law: "There was no one else responsible for attempting to murder the victim. He was convicted of attempted murder with premeditation. The Court does not need to resolve any factual issues in order to rule."

The prosecutor stated she had prepared an order denying the petition, and the court stated it would sign it. Thereafter, the court signed the following order that was prepared by the prosecutor.

> "[Defendant] cannot as a matter of law set forth a prima facie case entitling him to an evidentiary hearing. This denial is based on the following facts:
>
> "On March 1, 2006, [defendant] fired his handgun seven times at victim [Joel]. [Defendant] was fighting with [Joel], the estranged husband of his girlfriend, and when he started to lose the fight, [defendant] broke away from the fight and retrieved his gun from the car and fired it at [Joel]. The seven shots were fired while [Joel] was running from [defendant] and was unarmed. While [Joel] was not injured, [defendant] was charged with attempted premeditated murder and that he personally and intentionally discharged a firearm. On March 28, 2007, a jury found [defendant] guilty of attempted premeditated murder. The jury fund true the premeditation and firearm enhancements.
>
> "The reason for this denial is based on the above facts and the record of conviction which establishes [defendant] was not charged or convicted of attempted murder under a theory of felony murder or the natural and

probable consequences doctrine. [Defendant] was not prosecuted for attempted murder based on any theory under which malice was imputed to him and was convicted of murder [*sic*] based solely on his own actions and malice."[3]

On July 27, 2022, defendant filed a timely notice of appeal.

## DISCUSSION

### I.      Section 1172.6

"Effective January 1, 2019, Senate Bill ... 1437 ... amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," initially codified in former section 1170.95. (*Strong, supra*, 13 Cal.5th at p. 708, fn. omitted; *Lewis, supra*, 11 Cal.5th at p. 959.) The initial version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she

---

[3] In the July 5, 2022, reporter's transcript, the court stated at the beginning of the hearing that appellant was not present but represented by counsel. The minute order contained the similar notation. However, the court's order denying the petition, that the prosecutor stated had already been prepared prior to the hearing, erroneously stated appellant was present with counsel.

could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill ... 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2020–2021 Reg. Sess.) made substantive amendments to former section 1170.95 that were consistent with *People v. Lewis, supra*, 11 Cal.5th 952, and also " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (*People v. Saibu*, *supra,* 81 Cal.App.5th at p. 715, fn. 3.)

Section 1172.6, subdivision (a) thus states:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

9.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)[4]

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.* at subd. (c).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause [(OSC)]. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*Lewis, supra*, 11 Cal.5th at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*)

If an OSC is issued, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.…" (§ 1172.6, subd. (d)(1).)

---

[4] While not applicable herein, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f).)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens...." (§ 1172.6, subd. (d)(3).)[5]

## II.     The Court's Order Denying the Petition

We first note that the court complied with section 1172.6 by appointing counsel, ordering further briefing, conducting a hearing on the petition, and giving reasons for finding the petition did not state a prima facie case.

Defendant contends the trial court improperly made factual findings because it signed an order that extensively quoted from this court's opinion in his direct appeal. Defendant argues the court's erroneous reliance on factual findings to deny his petition without issuing an OSC is prejudicial, and the matter must be remanded for an evidentiary hearing pursuant to section 1172.6.

---

[5] "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing" in determining whether he made a prima facie case for relief. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. omitted.)

11.

We agree the court erroneously made factual findings when it denied the petition. During the hearing, the court initially stated it was going to deny the petition because "[t]here was no one else responsible for attempting to murder the victim. *He was convicted of attempted murder with premeditation. The Court does not need to resolve any factual issues in order to rule.*" (Italics added.) The record strongly infers the court relied on defendant's conviction for attempted premeditated murder when it issued its initial order to deny the petition.

Nevertheless, the court also signed the order that had been prepared by the prosecutor, that extensively quoted from this court's factual statement in defendant's direct appeal, and stated it was denying the petition based on those facts.

As explained above, the role of the appellate opinion is limited in making the prima facie determination, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding in denying the petition without issuing an OSC. (*People v. Clements, supra,* 75 Cal.App.5th at p. 292; *Lewis, supra,* 11 Cal.5th at p. 972.) We find the court's order erroneously made factual findings when it denied the petition without issuing an OSC.

## III. The Court's Error Was Not Prejudicial

Defendant asserts the court erroneously made factual findings when it denied his petition without issuing an OSC, and the error was prejudicial because the prosecution's opposition to his petition only attached the attempted murder instructions from his trial and not the entirety of the instructions given to the jury, and the record "thus does not rule out that the jury was also given a natural and probable consequences instruction regarding the attempted murder charge" or that he may have been convicted under an aiding and abetting theory. The People respond the limited instructions attached to the prosecution's opposition established that defendant was convicted based on his own intent to kill.

12.

## A. *Judicial Notice*

As defendant notes, the only jury instructions submitted to the trial court at the hearing on his petition were those for attempted murder. As a result, this court notified the parties that we were considering taking judicial notice of our own records from his direct appeal in *People v. Arzate*, *supra*, F053074.

Appellate counsel objected and argued judicial notice was inappropriate because the question was whether the trial court had correctly denied the petition for resentencing without issuing an OSC, and the trial court did not have the entirety of the jury instructions before it. His argument is based on case law standing for the general proposition that appellate courts generally do not take judicial notice of evidence not presented to the trial court.

Contrary to counsel's assertions, however, appellate courts routinely take judicial notice of the records of their own cases under Evidence Code sections 452, subdivision (d) and 459. (See, e.g., *Rel v. Pacific Bell Mobile Services* (2019) 33 Cal.App.5th 882, 886 ["On our own motion, we take judicial notice of [two prior opinions in same case] as well as the underlying appellate records. (See Evid. Code, § 452, subd. (d))"]; *People v. Bilbrey* (2018) 25 Cal.App.5th 764, 769, fn. 7 [taking judicial notice of related appeal in writ proceeding]; *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 426, fn. 1 ["We take judicial notice of the record on appeal filed in this court in [prior appeal in same case], as well as of this court's unpublished opinion in that matter. (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a))"].)

In addition, if the trial court erroneously denies a petition for resentencing without issuing an OSC, the California Supreme Court has clarified the question for the reviewing court is whether the trial court's error was prejudicial pursuant to *People v. Watson* (1956) 46 Cal.2d 818, 836, and whether it is reasonably probable that, absent the error, his petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at pp. 972–974.)

13.

In determining whether a petitioner made a prima facie case for resentencing, the court may review the record of conviction from the petitioner's case, that allows the court "to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that … culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis, supra,* 11 Cal.5th at pp. 971–972 & fn. 6.)

The record from a petitioner's direct appeal is part of the record of conviction. (*Lewis, supra*, 11 Cal.5th at p. 972.) The jury instructions are also part of the record of conviction and may be reviewed to make the prima facie determination. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251–1252; *People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

Accordingly, we reject counsel's arguments and take judicial notice of our own records from defendant's direct appeal, which includes the entirety of the instructions given at his trial. (Evid. Code, § 450, § 452, subd. (d), § 459.)

**B.** *The Record of Conviction*

As set forth above, defendant was tried by himself, and the amended information did not allege that any other defendants participated in the offenses. The jury was instructed that to find defendant guilty of attempted murder, it had to find that he took direct but ineffective steps toward killing another person, and he intended to kill that person. CALCRIM No. 601 stated that if the jury found defendant guilty of attempted murder, it had to determine if the People proved the attempted murder was done willfully, and with premeditation and deliberation. "The defendant acted willfully *if he intended to kill when he acted.* The defendant deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, *decided to kill.* The defendant premeditated *if he decided to kill before acting.*" (*People v. Arzate*, *supra*, F053074, italics added.)

14.

The jury was instructed on the separate charges and enhancements alleged in counts 2, 3, and 4. Contrary to defendant's speculation, the jury was not instructed on the felony murder rule, the natural and probable consequences doctrine, principals and accomplices, aiding and abetting, or conspiracy.

We thus conclude that to the extent the trial court erroneously made factual findings in its order denying defendant's petition, the error was not prejudicial because the record of conviction shows that defendant was not convicted of attempted premeditated murder based on any theories of imputed malice, and he was ineligible for resentencing as a matter of law.

## DISPOSITION

The court's order of July 5, 2022, denying defendant's petition for resentencing, is affirmed.