Filed 2/17/26  P. v. Fayed CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B345178 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA346352) |
| v. | |
| JAMES MICHAEL FAYED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Dismissed.

James Michael Fayed, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

James Michael Fayed appeals from the superior court's order granting his petition for writ of habeas corpus, vacating his restitution fine under Penal Code section 1465.9, subdivision (d),[1] and correcting the abstract of judgment. We appointed counsel to represent Fayed on appeal. After reviewing the record counsel for Fayed filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After independently reviewing the record and the contentions in Fayed's supplemental brief, we have not identified any either. We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The Supreme Court in *People v. Fayed* (2020) 9 Cal.5th 147 (*Fayed*) summarized the facts of this case. "Shortly after initiating divorce proceedings in October 2007, defendant arranged for Pamela Fayed's murder by paying the couple's employee, Jose 'Joey' Moya, $25,000 to kill her. Moya, in turn, enlisted Gabriel Jay Marquez, the boyfriend of his niece, and Steven Simmons, Marquez's nephew. On July 28, 2008, Pamela was stabbed to death in a Century City parking garage, moments after she had left a meeting with defendant and their respective attorneys. At the time of her murder, defendant and Pamela were under federal investigation for allegedly laundering money for Ponzi schemes through their e-currency business." (*Id.*, at p. 155, fn. omitted.)

"On or about September 15, 2008, a complaint charged defendant with the first degree murder of Pamela. [Citation.] It

---

[1]     Undesignated statutory references are to the Penal Code.

alleged the special circumstance allegations of murder for financial gain [citation] and murder by means of lying in wait [citation].  Count 2 also charged defendant with one count of conspiracy. . . .  [¶]  After deliberating for two days, the jury found defendant guilty of first degree murder and one count of conspiracy to commit murder.  It also found true the special circumstance allegations of murder for financial gain and murder by means of lying in wait.  After penalty phase deliberations, the jury fixed the penalty at death." (*Fayed*, *supra*, 9 Cal.5th at p. 158.)  The trial court ordered Fayed, among other things, to pay a $10,000 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a court facilities assessment (Gov. Code, § 70373).  The Supreme Court affirmed Fayed's convictions.  (*Fayed*, at p. 154.)

On December 24, 2024 Fayed, representing himself, filed a petition for writ of habeas corpus challenging the lawfulness of the restitution fine.  Fayed claimed the restitution fine was unlawful because the court made it "outside of petitioner's presence and a 'waiver' was never submitted by petitioner consenting to absence."  In the alternative, Fayed argued the restitution fine was invalid under section 1465.9, subdivision (d), which, after the January 1, 2025 effective date of Assembly Bill No. 1186 (Stats. 2024, ch. 805, § 1), states:  "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

On March 17, 2025 the superior court denied Fayed's request to vacate the restitution fine because he was not present when the trial court imposed it.  The court, however, agreed with

3

Fayed's alternative argument. The court ruled Fayed's "sentence includes an unpaid restitution fine imposed pursuant to . . . section 1202.4. Ten years have elapsed since its imposition. Pursuant to . . . section 1465.9[, subdivision] (d), the unpaid balance is unenforceable and uncollectible. Accordingly, the portion of the judgment imposing such fines is vacated, while the remaining portion of the judgment remains in full force and effect. A new abstract of judgment is to be issued and forwarded to the California Department of Corrections and Rehabilitation." Fayed filed a notice of appeal from the superior court's March 17, 2025 order.

## DISCUSSION

As stated, we appointed counsel to represent Fayed in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated this court should review whether the sentencing court had "jurisdiction to vacate the fine because that act had already been done by the statute itself without requiring any court action." On December 11, 2025 counsel advised Fayed that he was filing a brief stating he was unable to find any arguable issues and that Fayed could submit a letter brief stating any contentions he wanted the court to consider. Counsel also sent Fayed a copy of the opening brief and the record on appeal.

On December 22, 2025 we received a four-page supplemental brief from Fayed, which attached 47 pages of exhibits, consisting of miscellaneous court filings and rulings in various state and federal court actions. Fayed, however, does not explain why the superior court erred in granting his petition.

4

Instead, he asks us to review these federal and state "filings/briefs/petitions/reply-briefs . . . of related cases" and to consolidate them for "judicial efficiency and economy."

We do not, however, have jurisdiction to hear Fayed's appeal. The order denying his habeas petition in part is not appealable. (See *Briggs v. Brown* (2017) 3 Cal.5th 808, 836; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064.) Orders denying petitions for habeas corpus "are not appealable," and appeals from such orders "must be dismissed." (*People v. Goff* (1981) 127 Cal.App.3d 1039, 1042.)

The order granting his habeas petition in part is also not appealable; only the People can appeal from that order, and they did not. Section 1506 states: "An appeal may be taken to the court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant or otherwise granting all or any part of the relief sought." (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986 ["[t]he Legislature has provided that the People may appeal from the granting of habeas corpus relief . . . but has not provided that remedy for a defendant"]; see also *People v. Bilbrey* (2018) 25 Cal.App.5th 764, 772 ["[s]ection 1506 specifically authorizes and governs the People's appeal from a superior court's order upon the return of a writ of habeas corpus"].)

Nor is Fayed aggrieved by the order he appeals from: The superior court gave him the relief he sought. Therefore, he lacks standing to appeal. (See *Dow v. Lassen Irrigation Co.* (2022) 75 Cal.App.5th 482, 487; *In re A.K.* (2017) 12 Cal.App.5th 492, 499; *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947; *People v. Superior Court (Plascencia)* (2002) 103 Cal.App.4th 409, 420.)

And to the extent Fayed seeks in this appeal to consolidate and have us review his two California cases and four pending federal court actions, we lack jurisdiction to do that as well. This appeal is only from the superior court's March 17, 2025 order. (See *In re J.F.* (2019) 39 Cal.App.5th 70, 75 [""Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.""]; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["We have no jurisdiction over an order not mentioned in the notice of appeal"].)

## DISPOSITION

The appeal is dismissed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

6